## SELZMAN v. UNITED STATES.

ERROR TO THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO.

No. 998. Submitted April 27, 1925.—Decided June 1, 1925.

1. Under the Eighteenth Amendment Congress has power to prevent or regulate the sale of denatured alcohol which is not usable as a beverage. P. 467.
2. The power of the Federal Government, granted by the Amendment, to enforce the prohibition of the manufacture, sale and transportation of intoxicating liquor carries with it power to enact any legislative measures reasonably adapted to promote the purpose. P. 468.

Affirmed.

ERROR to a judgment of the District Court based on convictions under two indictments, the one charging conspiracy to violate the Prohibition Act and regulations, in offering denatured alcohol for sale without the required labels, the other charging sale of it for beverage purposes, etc.

*Messrs. Gerald J. Pilliod* and *J. C. Breitenstein,* with whom *Mr. B. H. Schwartz* was on the brief, for plaintiff in error.

*The Solicitor General,* with whom *Assistant Attorney General Willebrandt* and *Mr. Mahlon D. Kiefer,* Special Assistant to the Attorney General, were on the brief, for the United States.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

Meyer Selzman was tried and convicted on two indictments in the District Court. The first charged him, Martin Bracker, Harry Porter and others with a violation of § 37 of the Criminal Code in conspiring to violate

§ 15, Title III, of the National Prohibition Act (enacted October 28, 1919, c. 85, 41 Stat. 305) and the regulations relating to the manufacture and distribution of industrial alcohol prescribed by the Commissioner of Internal Revenue, pursuant to the provisions of Title III of the Act, in that they knowingly offered for sale completely denatured alcohol in packages containing less than five wine gallons, without having affixed to the packages a label containing the words "Completely denatured alcohol", together with the word "Poison" and a statement of the danger from its use. *United States* v. *Grimaud,* 220 U. S. 506.

Selzman was also convicted under four counts of the second indictment of violating § 4 of Title II of the Act forbidding the sale of denatured alcohol for beverage purposes or under circumstances from which the seller may reasonably infer the intention of the purchaser to use it for such purpose.

This is a writ of error under § 238 of the Judicial Code, on the ground that the provisions of the Prohibition Act in respect to denatured alcohol under which these indictments were found exceed the power of Congress. Whether this is a sound contention is the only question for our decision.

It is said that the Eighteenth Amendment prohibits the manufacture, sale and transportation of intoxicating liquor for beverage purposes only, and that, as denatured alcohol is not usable as a beverage, the amendment does not give to Congress authority to prevent or regulate its sale, and that such authority remains with the States and is within their police power exclusively.

Reference is had to the part of § 1 of Title II of the Prohibition Act (41 Stat. 307), as follows:

"Sec. 1. When used in Title II and Title III of this Act (1) The word 'liquor' or the phrase 'intoxicating liquor' shall be construed to include alcohol, brandy,

whiskey, rum, gin, beer, ale, porter, and wine, and in addition thereto any spirituous, vinous, malt, or fermented liquor, liquids, and compounds, whether medicated, proprietary, patented, or not, and by whatever name called, containing one-half of 1 per centum or more of alcohol by volume which are fit for use for beverage purposes."

This, it is said, is a proper construction and limitation of what the Eighteenth Amendment was intended to prohibit and excludes denatured alcohol, although intoxicating, because not fit for beverage purposes. The argument is without force.

In order that the uses of alcohol might not be lost to the arts by reason of the then heavy internal revenue tax, Congress made provisions (Act of June 7, 1906, c. 3047, 34 Stat. 217, Act of March 2, 1907, c. 2571, 34 Stat. 1250, and Act of October 3, 1913, c. 16, § IV, N, sub-sect. 2, 38 Stat. 114, 199) by which alcohol was made tax free if denatured so that it could not be used for a beverage and evade the federal tax on the potable article. Any attempt to recover the alcohol thus denatured for beverage purposes was punished. The plaintiff in error's suggestion is that this was then within the power of Congress because necessary to protect its power of levying an excise tax on liquor under Section 8, Art. 1, of the Constitution; but that as there is now no tax upon alcohol to protect, denatured alcohol has passed out of the domain of Congressional action. But surely the denaturing of alcohol is now as necessary in maintaining its use in the arts and prohibiting its use as a beverage, as it was formerly needed to permit its use in the arts and to prevent its consumption as a beverage without paying the tax. The power of the Federal Government, granted by the Eighteenth Amendment, to enforce the prohibition of the manufacture, sale and transportation of intoxicating liquor carries with it power to enact any legislative meas-

ures reasonably adapted to ɽomote the purpose. The denaturing in order to render the making and sale of industrial alcohol compatible with the enforcement of prohibition of alcohol for beverage purposes is not always effective. The ignorance of some, the craving and the hardihood of others, and the fraud and cupidity of still others, often tend to defeat its object. It helps the main purpose of the Amendment, therefore, to hedge about the making and disposition of the denatured article every reasonable precaution and penalty to prevent the proper industrial use of it from being perverted to drinking it. The conclusion is fully supported by the decisions of this Court in *Jacob Ruppert* v. *Caffey,* 251 U. S. 264, 282, and *National Prohibition Cases,* 253 U. S. 350, Par. 11. See also *Huth* v. *United States,* 295 Fed. 35, 38.

*Affirmed.*