**FOX v. MILLS, Federal Prohibition Administrator, et al.**

Circuit Court of Appeals, Second Circuit.
December 12, 1927.

No. 83.

**1. Intoxicating liquors** ⬅️69—**Commissioner has power to determine whether facts stated in application for permit to manufacture flavoring extracts are true (National Prohibition Act, tit. 2, § 6 [27 USCA § 16]).**

Commissioner, having authority under National Prohibition Act, tit. 2, § 6 (27 USCA § 16), to prescribe the form of all permits and applications for manufacture of flavoring extracts, and the facts to be set forth therein, has the additional power to decide whether such facts, as stated in application are true.

**2. Intoxicating liquors** ⬅️72—**District Court, on reviewing commissioner's decision on application for permit to purchase liquor for flavoring extracts, may only determine whether evidence justified conclusion (National Prohibition Act, tit. 2, §§ 4, 6 [27 USCA §§ 13, 16]).**

Under National Prohibition Act, tit. 2, § 6 (27 USCA § 16), District Court, in reviewing decision of commissioner on application for permit to purchase alcohol or liquor for manufacture of flavoring extracts, as required by sections 4, 6, tit. 2, of the act (27 USCA §§ 13, 16), is limited to inquiry whether there was any evidence justifying conclusion.

**3. Intoxicating liquors** ⬅️72—**Evidence held to warrant commissioner's conclusion that application for permit to purchase whisky for manufacturing flavoring extracts was not in good faith (National Prohibition Act, tit. 2, §§ 4, 6 [27 USCA §§ 13, 16]).**

In suit under National Prohibition Act, tit. 2, § 6 (27 USCA § 16), arising under commissioner's refusal of application for a permit under sections 4, 6, tit. 2, of the act (27 USCA §§ 13, 16), to purchase whisky for use in manufacture of flavoring extracts, evidence *held* sufficient to warrant conclusion that application was not made in good faith.

Manton, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Southern District of New York.

Bill in equity by Herman Fox, doing business under the firm name and style of H. Fox & Co., against Chester P. Mills, Federal Prohibition Administrator for the Second District of New York, and as successor of John A. Foster, former Federal Prohibition Administrator of the State of New York,

and another. From a decree of dismissal, plaintiff appeals. Affirmed.

Appeal from a decree of the District Court for the Southern District of New York dismissing a bill in equity brought under section 6 of title 2 of the National Prohibition Act (27 USCA § 16).

The plaintiff is a manufacturer of flavoring extracts, with a permit to manufacture, granted under section 4 (27 USCA § 13). He has been in the business for 25 years, during 20 of which he has occupied the same premises, and he bears a good reputation. Under sections 4 and 6 he must, in addition to his manufacturing permit, have permits to purchase the alcohol or other "liquor" necessary in the manufacture of extracts. The case at bar arises over his application for a permit to purchase whisky for use in the manufacture of an extract of ginger under a new formula. This the Commissioner refused, on the ground that there was no scientific reason why whisky should be used for that purpose. Upon the first trial the District Judge, after taking testimony, held that whisky was "liquor" within the meaning of section 4 and section 6; and that the Commissioner had authority under the statute to issue permits for its use, but that his refusal might be justified upon a finding that the application was not made in good faith. Therefore he sent back the case for further hearing.

Thereupon the Commissioner, through an official, took evidence in extenso as to the results of using whisky in the extract. The witnesses called by him asserted that alcohol was as good as whisky, and some of them that whisky positively impaired the extract. The plaintiff's witnesses maintained that, while the taste of the whisky as such was lost in the ginger, the extract had a different taste when so made, and threw out less precipitate. An expert chemist in colloids explained this on the theory that the minute particles taken up in the formation of the whisky had a protective action upon the extract, preventing the agglomeration of oils and resins in amounts sufficient for precipitation.

The Commissioner found that there was no advantage in the use of whisky, and that the plaintiff's application was not made in good faith. His reasons for this conclusion, in addition to the fact that whisky contributed nothing, were that, though of only half the proof of alcohol, it cost five times as much, that it had never been used before, and that none of the practicing pharmacists called had ever used it practically.

Upon these findings the Commissioner refused the application, and the cause came on once more before the District Court, which after a second trial dismissed the bill.

Lewis Landes, of New York City, for appellant.

Charles H. Tuttle, U. S. Atty., of New York City (U. S. Grant, of New York City, of counsel), for appellees.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge (after stating the facts as above). We reserve the question whether under section 4 a manufacturer of extracts may use whisky. The term "liquor," used generally in the body of that section, would, if not controlled, include whisky. Section 1 (27 USCA §§ 4, 5). But the defendant argues that the use of the word "alcohol," in the sentence, "No more alcohol shall be used in the manufacture of any extract," limits its meaning, whenever extracts are in question. On that question we do not pass, assuming for argument that the plaintiff is right.

[1-3] Under section 6 the Commissioner is authorized to prescribe "the form of all permits and applications and the facts to be set forth therein," and, if he has the power to prescribe what facts shall be stated, he has the power to decide whether they are true. Ma-King Products Co. v. Blair, 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046. Moreover, the review of the District Court under section 6 is limited to the inquiry whether there is any evidence justifying his conclusions. In the case at bar it cannot be disputed that, so far as concerned the issue whether the use of whisky was in fact advantageous in the manufacture of the extract, his finding is final. There was ample evidence for so believing, and the District Court was not to determine the issue as in an ordinary suit in equity.

The question is more debatable whether, assuming as much, there was any basis for his added conclusion that the plaintiff's application was not made in good faith. If it was not, he was certainly justified in refusing it; and this is equally true, whether he concluded that the plaintiff did not intend to use the whisky in question in his manufacture, or whether, though in this instance he did so intend, he was bent upon establishing a precedent under which other manufacturers, or he himself later, might secure whisky which should be diverted to unlawful uses.

The grounds for the Commissioner's conclusion are that extracts had hitherto been always manufactured with alcohol, that whisky was (allowing for its alcoholic proof) ten

times as expensive as alcohol, and that all the manufacturing pharmacists were against the plaintiff. An exception should be made of the plaintiff's witness, Reeves, who had had an early experience as a practicing pharmacist. Even he, however, had never used whisky, and formed his opinion entirely on theoretical grounds. It was, of course, possible, even assuming that whisky in fact added nothing, that the plaintiff might have been honestly mistaken, and truly have believed that his proposed formula had advantages over the established practice. Obviously a conclusion that he did not must in nearly all cases rest upon inference, just as so often happens in cases of crimes. All we can ask is that the evidence be such that reasonable people might find against him.

The circumstances were beyond question suspicious, and the difference between suspicion and belief is one of degree. People will differ, not only upon where to draw that line, but still more upon where reasonable men may draw it. We cannot ignore the situation created by the Prohibition Law itself— the difficulty of securing good, pure whisky, its value when got, and the obstacles to any successful detection of its diversion. Given so strong an incentive, the Commissioner was justified in scrutinizing the plaintiff's grounds narrowly. His belief in the advantages of his formula was baseless in fact, and was not shared by any one else then in the business. He had himself had an experience of 25 years, during all of which whisky was available, had he wanted it. He hit upon his discovery at a time when not only was whisky extremely costly, if used, but immediately profitable, if abused. It is, of course, possible that in spite of all this the plaintiff had no other motive than he admitted; but to say that no reasonable person could have justly found the contrary seems to a majority of us unwarranted.

Decree affirmed.

MANTON, Circuit Judge (dissenting). Appellant seeks relief through the aid of section 4, title 2, of the National Prohibition Act (27 USCA § 13). It provides that, when manufactured, flavoring extracts and syrups shall not be subject to the provisions of the Prohibition Act; also that a person "who manufactures any of the articles mentioned in this section may purchase and possess liquor for that purpose, but he shall secure permits to manufacture such articles and to purchase such liquor, give the bonds, keep the records, and make the reports specified in this Act and as directed by the Commissioner."

Appellant had a lawful right to apply for a permit, if he wished to use liquor in the manufacture of his product. Section 1 of the act defines liquor as including whisky as well as alcohol. He could only be refused a permit if acting in bad faith—such as a planned desire to divert the whisky for other and unlawful purposes. Because experts of the government differ with the appellant as to the value of whisky for the manufacture of his product, no issue of bad faith was raised. It should not create even a suspicion in a reasonable mind; at least, in one who has faith in his strength of integrity against wrongdoing. Bad faith and fraud are too serious to be thus lightly inferred. The fact that whisky costs more does not justify it, for its use may be more beneficial in the ultimate product of flavoring extracts or syrups, as the appellant said. The prevailing opinion bases the charge of bad faith upon an inference, and builds an inference upon an inference, in reaching the conclusion that there was evidence to support the action of the Commissioner. The courts have the right to interfere where there is no evidence whatever to support the finding of bad faith. Ma-King Products Co. v. Blair, etc., 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046.

Because I think the appellant should have the relief sought, I dissent.