**UNITED STATES v. ANAS CHEMICAL CO. et al.**

District Court, E. D. New York. April 4, 1928.

No. 21925.

1. **Intoxicating liquors** ⟜134—**Provisions of National Prohibition Act imposing penalties for violation of act or regulations relating to industrial alcohol apply to denatured alcohol until it has been used for purpose for which withdrawn (National Prohibition Act, tit. 3, §§ 13, 15 [27 USCA §§ 83, 85])**

National Prohibition Act, tit. 3, § 15 (27 USCA § 85), imposing penalties for violation of regulations under section 13 (27 USCA § 83), relating to industrial alcohol, is not limited to those withdrawing alcohol for the purpose of denaturing, but continues in force respecting such alcohol after it has been denatured, or specially denatured, until it has been used for the purpose for which its withdrawal was permitted.

2. **Intoxicating liquors** ⟜134—**Having in possession specially denatured alcohol without a permit an offense (National Prohibition Act, tit, 3, § 15 [27 USCA § 85]).**

Under regulations of the Commissioner of Internal Revenue, having specially denatured alcohol in possession without a permit, or diverting it from its lawful channels with intent that it shall be used in the manufacture of intoxicating liquor, is an offense, within National Prohibition Act, tit. 3, § 15 (27 USCA § 85).

Criminal prosecution by the United States against the Anas Chemical Company and others. On motion to dismiss information. Denied.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y., and George H. Bragdon, Asst. U. S. Atty., of New York City.

Lewis Landes, of New York City, for defendants.

CAMPBELL, District Judge. This is a motion made on behalf of the defendant Anas Chemical Company to dismiss the information filed herein, on the alleged ground that it does not state facts sufficient to constitute a crime. The information as filed consists of two counts and is against a number of defendants, among whom is the defendant who has moved to dismiss, and who alone will be named in this opinion.

The first count alleges that the above-named defendant, with others named in such information, on a day and at a place therein named, did unlawfully, willfully, and knowingly possess, without a permit of the Prohibition Department of the United States, certain specially denatured alcohol, to wit, 6 barrels of specially denatured alcohol, against the peace and dignity of the United States, and contrary to the form of the statute of the United States in such case made and provided, especially contrary to the provisions of title 3 of the Act of October 28, 1919 (27 USCA §§ 63, 71–89), and of the regulations lawfully made thereunder, and especially section 15 of the said title 3 (27 USCA § 85).

The second count alleges that the above-named defendant, with others named in such information, on a day and at a place therein named, did unlawfully, willfully, and knowingly divert from proper lawful channels, with intent that same shall be used in the manufacturing of intoxicating liquors, to wit, 6 barrels of specially denatured alcohol, against the peace and dignity of the United States, and contrary to the form of the statute of the United States in such case made and provided, especially contrary to the provisions of title 3 of the Act of October 28, 1919, and of the regulations lawfully made thereunder, and especially section 15 of the said title 3.

[1] The constitutionality of title 3 of the Act of October 28, 1919, 41 Stat. 321, has been sustained. Selzman v. United States, 268 U. S. 466, 45 S. Ct. 574, 69 L. Ed. 1054. Sections 13 and 15 of that act read as follows:

"Sec. 13. [*Regulations by Commissioner of Internal Revenue.*] The Commissioner shall from time to time issue regulations respecting the establishment, bonding, and operation of industrial alcohol plants, denaturing plants, and bonded warehouses authorized herein, and the distribution, sale, export, and use of alcohol which may be necessary, advisable, or proper, to secure the revenue, to prevent diversion of the alcohol to illegal uses, and to place the nonbeverage alcohol industry and other industries using such alcohol as a chemical raw material or for other lawful purpose upon the highest possible plane of scientific and commercial efficiency consistent with the interests of the government, and which shall insure an ample supply of such alcohol and promote its use in scientific research and the development of fuels, dyes, and other lawful products." 27 USCA § 83.

"Sec. 15. [*Operators of Industrial Alcohol or Denaturing Plants—Violation of Laws and Regulations—Penalty.*] Whoever operates an industrial alcohol plant or a denaturing plant without complying with the provisions of this title and lawful regulations made thereunder, or whoever withdraws or attempts to withdraw or secure tax free any alcohol subject to tax, or whoever oth-

erwise violates any of the provisions of this title or of regulations lawfully made thereunder shall be liable, for the first offense, to a penalty not exceeding $1,000, or imprisonment not exceeding thirty days, or both, and for a second or cognate offense to a penalty of not less than $100 nor more than $10,000, and to imprisonment of not less than thirty days nor more than one year. It shall be lawful for the Commissioner in all cases of second or cognate offense to refuse to issue for a period of one year a permit for the manufacture or use of alcohol upon the premises of any person responsible in any degree for the violation." 27 USCA § 85.

By section 13 the Commissioner of Internal Revenue is given power to issue regulations, and by section 15 of the Act violation of any of the provisions of title 3 or of the regulations lawfully made thereunder is made a crime, and a penalty is provided.

Defendant contends that title 3 is limited to those persons who under title 3 use grain alcohol; that is, the persons who withdraw grain alcohol for the purpose of denaturing. This is too fine a limitation under any aspect of the case, as the title was undoubtedly intended to cover the alcohol which had been denatured, or specially denatured, until it had been used for the purpose for which its withdrawal had been permitted, and this is borne out by section 4 of title 2 of the said act (27 USCA § 13), as cited by defendant, so much of which as is necessary for consideration in the case at bar reads as follows:

"Sec. 4. The articles enumerated in this section shall not, after having been manufactured and prepared for the market, be subject to the provisions of this act if they correspond with the following descriptions and limitations, namely:

"(a) Denatured alcohol or denatured rum produced and used as provided by laws and regulations now or hereafter in force. * * * *"

The purpose of title 3 of the said act was to continue the relief from tax of alcohol used industrially, and not for beverage purposes, and to prevent the use for beverage purposes of alcohol withdrawn for denaturing; and of the alcohol so denatured until used industrially, and not for beverage purposes.

[2] The regulations in force at the time of the alleged happening of the events alleged in the information, so far as they apply herein, are articles 88 and 115 of Regulations No. 3, which read as follows:

"Art. 88. Denatured alcohol is ethyl alcohol to which has been added such denaturing materials as render the alcohol unfit for use as an intoxicating beverage. It is free of tax and is solely for use in the arts and industries.

"Completely denatured alcohol is ethyl alcohol treated with various substances and according to a limited number of formulae. After denaturation it may be sold and used within certain limitations without permit and bond. Completely denatured alcohol is a poison. It cannot be used internally and is injurious if used externally.

"Specially denatured alcohol is ethyl alcohol so treated with denaturants as to permit of its use in a greater number of specialized arts and industries than completely denatured alcohol. The character of the denaturant or denaturants is such that it may be sold, possessed, and used only pursuant to permit and bond except as otherwise provided herein."

"Art. 115. Dealers in and manufacturers using denatured alcohol must not destroy or in any wise alter or disturb any of the marks or brands required to be placed on packages containing denatured alcohol until such alcohol has been entirely removed from the packages. When the packages have been emptied, all the marks and brands must be at once completely obliterated."

And so much of article 116 as reads as follows:

"Art. 116. The sale, possession, or use of specially denatured alcohol, except by a duly authorized permittee, is a violation of the law and these regulations, and any specially denatured alcohol found in the possession of any person not holding a permit under these regulations, or in the possession of a carrier not authorized to transport intoxicating liquor under the National Prohibition Act, will be deemed subject to forfeiture."

Defendant contends that the regulation last quoted did not provide any punishment for its violation, except forfeiture of the alcohol; but this contention seems to be without merit, as the Commissioner is not vested with power to fix punishment for a criminal offense, but such punishment for a violation of the regulation which is made a crime was fixed by Congress in section 15 of the act.

Aside from the foregoing reasoning, it seems to me that the question here litigated has been determined by the Circuit Court of Appeals of this circuit, in Remick Products v. Mills, 22 F.(2d) 477, in which they held that title 3 of the said act applied to permittees who were allowed to withdraw specially denatured alcohol, and in which Circuit Judge Manton, writing for the court, at page 480, said:

"The effective regulation at the time of the appellant's offenses was Regulation 61, in so far as specially denatured alcohol was concerned. The failure of the appellant on several days to have its books available for inspection and the insufficient excuses given therefor, justify the charge of a violation of this regulation. Indeed, it was a violation of section 15, title 3, of the act (27 USCA § 85), providing that it is a misdemeanor to violate any provision of title 3 or the regulations lawfully made thereunder."

If it would be such a violation of the regulations as to constitute a crime for one permitted to withdraw specially denatured alcohol to fail to have its books available, it certainly would be such a violation of the regulations as to constitute a crime to have specially denatured alcohol in possession without a permit, or to divert specially denatured alcohol from its lawful channels with the intent that it shall be used in the manufacture of intoxicating liquor.

The motion is denied.

**4. Perpetuities** ⊚⟹4(15), 7(2)—**Trust authorizing settlor te sell underlying securities and holders of collateral trustee shares to exchange them for underlying securities, did not violate rule against perpetuities (Personal Property Law N. Y. § 11).**