**ELSINORE PERFUME CO., Inc., v. CAMP-BELL, Federal Prohibition Administrator, et al.\***

Circuit Court of Appeals, Second Circuit.
March 11, 1929.

No. 214.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, Asst. U. S. Atty., of Brooklyn, N. Y., and John E. O'Neill, of New York City, of counsel), for appellants.

Lewis Landes, of New York City, for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above). ▮ The trial court was limited to a review of the proceedings before the Commissioner. National Prohibition Act, tit. 2, § 9 (27 USCA § 21). Unless error in law was found, or the action of the Commissioner was wholly unsupported by the evidence, or arbitrary or capricious, the revocation should not have been disturbed. Qualtop Beverages, Inc., v. Campbell, 31 F. (2d) 260.

*Certiorari denied 49 S. Ct. 512, 73 L. Ed. ——.

While the evidence of unlawful diversion of the alcohol was entirely circumstantial, it was sufficient to support the decision revoking the permit, as it tended to show that permittee had not in good faith conformed to the law and conditions of the permit, and the extent of its probative force was to be determined by the Commissioner. Ma-King Products Co. v. Blair, 271 U. S. 479–483, 46 S. Ct. 544 (70 L. Ed. 1046); Remick Products v. Mills (C. C. A.) 22 F.(2d) 477; Qualtop Beverages, Inc., v. Campbell, supra.

It is claimed, however, that the National Prohibition Act does not apply to denatured alcohol, on the ground that it is not a beverage, and, that, after it is manufactured and prepared for the market, it is excepted from the provisions of the act in express terms to be found in title 2, § 4 (27 USCA § 13). The case of Higgins v. Foster (C. C. A.) 12 F.(2d) 646, is relied on in support of this position.

It is true that denatured alcohol "produced and used as provided by laws and regulations now or hereafter in force" (title 2, § 4) is not affected by the provisions of title 2 of the act. The Higgins Case does hold that section 6 of title 2 (27 USCA § 16), which provides for certain permits, does not apply to denatured alcohol. It nevertheless recognizes the fact that the use of denatured alcohol is regulated by the act, and that a permit for its lawful use is authorized, and holds expressly that the provisions of title 2, § 9, relate to the revocation of permits covering denatured alcohol. The authority for such permits is found in title 3, § 13, of the act (27 USCA § 83).

Although the statute does not itself require a permit to make the use of denatured alcohol lawful, it does authorize the Commissioner to issue regulations to the end, among others, that the diversion of denatured alcohol to illegal uses may be prevented. The regulations so promulgated thereunder do require a permit. Rock v. Blair (D. C.) 13 F.(2d) 1004. When the permit is issued, the right of the permittee to continue to enjoy the privileges granted is to be tested by the provisions of title 2, § 9. Higgins v. Foster, supra. See, also, United States v. Anas Chemical Co. (D. C.) 25 F.(2d) 491; Fox v. Mills (C. C. A.) 22 F.(2d) 891; Remick Products v. Mills, supra; Selzman v. United States, 268 U. S. 466, 45 S. Ct. 574, 69 L. Ed. 1054.

It is apparent that there was intent to provide for the use of denatured alcohol in industry and art, unhampered by unnecessary restrictions, and perhaps the ease with which it could be used as a source of supply for the alcoholic content of illegal beverages was not fully appreciated; but we are quite unable to agree that, when denatured alcohol is once lawfully manufactured and sold, it may be used or misused with impunity, regardless of the National Prohibition Act.

Decree reversed.