### UNITED STATES v. PHILIP H. WARSHAW, Inc., and three other cases.

### Nos. 5821, 5756, 5739, 5791.

District Court, E. D. New York.

May 14, 1934.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Martin Neumann, Asst. U. S. Atty., of Brooklyn, N. Y., Lester C. Dunigan, and H. C. Nash, both of Washington, D. C., of counsel), for the United States.

Harry S. Hall, of New York City, for defendants Royal Indemnity Co. and Eagle Indemnity Co.

MOSCOWITZ, District Judge.

The complaints in the above-entitled cases allege in substance that the above-entitled

defendants were granted permits to withdraw quantities of specially denatured alcohol, and that, pursuant to said permits, bonds were executed.

The government alleges in the complaint of United States v. Flora Chemical Corporation and Eagle Indemnity Company, the unlawful diversion of 18,000 wine gallons of specially denatured industrial alcohol; in United States v. Amarosa Company (George M. Miller and Samuel Miller) and Royal Indemnity Company, the unlawful diversion of 6,009 gallons of specially denatured industrial alcohol; in United States v. Philip H. Warshaw, Incorporated, and Royal Indemnity Company, the government alleges the unlawful diversion of 44,406 gallons of specially denatured alcohol; and in United States v. Ramco Remedy & Medicine Company, Incorporated, principal, and Eagle Indemnity Company, the unlawful diversion of 5,330 gallons of specially denatured alcohol. In the first three cases the government alleges the amount of liquidated damages is $4.50 a gallon. In the Ramco Remedy & Medicine Company case, the government alleges the amount of liquidated damages is $2 per wine gallon.

The defendants moved to dismiss the complaint in the above-entitled actions on the ground that, the Twenty-First Amendment to the Constitution of the United States being ratified, this court is without power or jurisdiction to proceed further in this case.

The government contends that the Twenty-First Amendment to the Constitution repealing the Eighteenth Amendment had no other effect except that it now renders legal the manufacture, transportation, sale, importation, and exportation of intoxicating liquor, and has no application whatsoever to the manufacture, sale, and distribution of industrial alcohol not mentioned in the Eighteenth Amendment.

The regulation of industrial alcohol was incorporated in section 13, title 3, of the National Prohibition Act (27 USCA § 83), and made enforceable prior to the adoption of the Eighteenth Amendment.

Section 21 of title 3 of the National Prohibition Act (41 Stat. 322) provides as follows: "Titles I and III and sections 1, 27, 37, and 38 of title II of this Act shall take effect and be in force from and after the passage and approval of the Act. The other sections of title II shall take effect and be in force from and after the date when the eighteenth amendment of the Constitution of the United States goes into effect."

A history of the legislation relating to industrial alcohol shows that it was not necessary for a constitutional amendment to have Congress regulate the manufacture of industrial alcohol.

The Act of June 7, 1906, c. 3047, 34 Stat. 217 (26 USCA §§ 481, 485, 486), related to the manufacture, denaturization, and use of industrial alcohol. That act further provided for the giving of bonds under such regulations as the Commissioner of Internal Revenue with the approval of the Secretary of the Treasury should prescribe.

On March 2, 1907, an act amendatory of the act of 1906 was passed, chapter 2571, 34 Stat. 1250 (26 USCA §§ 482–484), which act further extended the regulation of industrial alcohol, continuing in effect all the provisions of the prior act.

Further legislation relating to the manufacture, withdrawal, and use of industrial alcohol may be found in the Act of October 3, 1913, c. 16, § 4, par. N, of subsection 2, 38 Stat. 114, 199 (26 USCA §§ 487, 488).

The history of this legislation clearly shows that Congress did not undertake to prohibit the industrial use of alcohol after the adoption of the Eighteenth Amendment. Neither the Eighteenth Amendment nor any of its enacting statutes show any intent on the part of Congress to prohibit the use of alcohol in the manufacturing arts.

The case of United States v. Chambers & Gibson, 291 U. S. 217, 54 S. Ct. 434, 436, 78 L. Ed. 763, 89 A. L. R. 1510, in no way affects the government's power to regulate and control industrial alcohol. The court in that case stated, "The National Prohibition Act was not repealed by act of Congress, but was rendered inoperative, so far as authority to enact its provisions was derived from the Eighteenth Amendment, by the repeal, not by the Congress but by the people, of that amendment."

Motions to dismiss are denied.

I am advised that on April 20, 1934, Judge Caffey, in the United States District Court, Southern District of New York, in the matter of United States v. Joseph A. Allen, Northwestern Casualty & Surety Company, and Massachusetts Bonding & Insurance Company, No. L 44—402, denied a similar motion without opinion.

Settle orders on notice.