## UNITED STATES v. WILSON et al.

### SAME v. LAZAR.

District Court, W. D. New York.
Jan. 7, 1935.

George L. Grobe, U. S. Atty., and John K. Gerken, Asst. U. S. Atty., both of Buffalo, N. Y.

John J. Carlo and Michael J. Maher, both of Buffalo, N. Y., for defendants.

KNIGHT, District Judge.

Defendants move in each of these cases to vacate search warrants and set aside seizures made thereunder. The motions may properly be considered together. The facts are stipulated. In the Wilson case the seizure was made on January 13, 1934. In the Lazar case the seizure was made on June 26, 1934. The question at issue is the authority of certain officers, either as prohibition investigators or deputy collectors of internal revenue to execute the warrants and make the seizures herein.

The National Prohibition Act (27 USCA) became effective January 16, 1920. Enforcement of the act remained in the Department of the Treasury of the United States until July 1, 1930, when the so-called Prohibition Reorganization Act (46 Stat. 427) became effective. By this act, a Bureau of Prohibition was established in the Department of Justice, and the former Bureau of Prohibition of the Treasury Department became a Bureau of Industrial Alcohol in the latter department. The former employees in the Bureau of Prohibition in the Treasury Department were transferred to the Bureau of Prohibition in the Department of Justice, with all other powers theretofore imposed upon the Secretary of the Treasury and employees of the Bureau of Prohibition in the Treasury Department.

Among the duties imposed upon the Attorney General, he was charged with: "The apprehension and prosecution of offenders against this title or any other Act for the enforcement of the eighteenth amendment, and offenders against the internal revenue

laws if a violation of this title or any other Act for the enforcement of the eighteenth amendment is involved." Section 104 (a), par. 2, 27 USCA (Act May 27, 1930, § 4, 46 Stat. 428).

At the time of the adoption of the Prohibition Reorganization Act, the men who executed the warrants in question were agents or inspectors in the Bureau of Prohibition in the Treasury Department. By virtue of the Prohibition Reorganization Act, they continued as such in the Bureau of Prohibition in the Department of Justice. It is my view that these men held the position of inspectors in that bureau until March 10, 1934, when by virtue of Executive Order of the President of the United States (No. 6639 [5 USCA § 132 note]), issued pursuant to the Act of March 3, 1933, § 16, 47 Stat. 1517 (5 USCA § 124 et seq.), the alcoholic beverage unit, Bureau of Investigation, Department of Justice, was taken over by the alcohol tax unit in the Bureau of Internal Revenue, Department of the Treasury. The status of these men as agents or inspectors in the Bureau of Prohibition in the Department of Justice was not changed, nor was any additional authority conferred upon them by advices from the Attorney General on August 10, 1933, that they were then being appointed as prohibition investigators in the prohibition unit, division of investigation, Department of Justice. That status was not changed by the purported appointment of them as deputy collectors by the collector of internal revenue for the Maryland district as deputy collectors, on December 21, 1933.

The repeal of the Eighteenth Amendment was consummated on December 5, 1933. The National Prohibition Act was not repealed by the adoption of the Twenty-First Amendment, nor was it repealed by Act of Congress. It "was rendered inoperative, so far as authority to enact its provisions was derived from the Eighteenth Amendment, by the repeal, not by the Congress, but by the people, of that amendment." U. S. v. Chambers, 291 U. S. 217, 54 S. Ct. 434, 436, 78 L. Ed. 763, 89 A. L. R. 1510. Those statutes which did not rest upon the grant of authority to Congress by virtue of the Eighteenth Amendment were not affected by the adoption of the Twenty-First Amendment. That applies to the establishment of the Bureau of Prohibition itself and the personnel of such bureau.

The authority of the prohibition investigator, as such, to execute the warrant on January 13, 1934, is dependent upon the effect of the adoption of the Twenty-First Amendment upon the statutory duties imposed on the Attorney General under section 104, title 27, U. S. C. (27 USCA § 104), act effective July 1, 1930. Such duties prescribe the right of the Attorney General, through the Bureau of Prohibition, to apprehend and prosecute offenders in three specific instances; one, where the offense is against acts included in title 27 (National Prohibition Act); two, acts for the enforcement of the Eighteenth Amendment; and, three, offenders against the Internal Revenue Law where the offense itself was a violation of title 27 or any act to enforce the Eighteenth Amendment. "The National Prohibition Act, to the extent that its provisions rested upon the grant of authority to the Congress by the Eighteenth Amendment, immediately fell with the withdrawal by the people of the essential constitutional support." U. S. v. Chambers, 291 U. S. 217, 54 S. Ct. 434, 435, 78 L. Ed. 763, 89 A. L. R. 1510. These defendants are charged by the indictments herein with violations of the Internal Revenue Laws, in attempts to defraud the government of a tax on distilled spirits, possession of an unregistered still, and the making of mash on premises other than a duly authorized distillery. These are offenses within the prohibition of sections 261, 281, and 307 under title 26, U. S. C. (26 USCA §§ 261, 281, 307), Internal Revenue Law. In order to sustain any authority in the agent to execute the warrant, a violation of the National Prohibition Act or some act concerning the enforcement of the Eighteenth Amendment must concur with the violation of the Internal Revenue Law.

The authority to prosecute under title 27 or any act for the enforcement of the Eighteenth Amendment "rested upon the grant of authority to the Congress by the Eighteenth Amendment." The right to prosecute violations of the National Prohibition Act and all acts for the enforcement of the Eighteenth Amendment fell with the repeal amendment, and thereafter there could have been no concurrence of a nonenforceable act with a violation of the Internal Revenue Laws.

It is my opinion that chapter 3 of the National Prohibition Act (Industrial Alcohol Act [27 USCA § 71 et seq.]) was not

nullified by the adoption of the repeal amendment. Druggist Specialties Co., Inc., v. D. S. Bliss et al. (D. C., S. D. of Pa.) 9 F. Supp. 917, decided June 13, 1934, Dickinson, D. J.; U. S. v. Philip H. Warshaw et al., 8 F. Supp. 95 (D. C., S. D. of N. Y.) decided May 14, 1934, Moscowitz, D. J.; Selzman v. U. S., 268 U. S. 466, 45 S. Ct. 574, 69 L. Ed. 1054; U. S. v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043; U. S. v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025. Chapter 3 became effective October 28, 1919, while the Eighteenth Amendment did not become effective until January 16, 1920. The authority to enact the provisions of this article was not derived from the Eighteenth Amendment and the article does not come within the type of statutes held in U. S. v. Chambers et al. unenforceable because of the adoption of the repeal amendment.

It is the claim of the government that the acts charged in the complaints herein are acts that also constitute violations of the Industrial Alcohol Act; that since the Alcohol Act survived the repeal amendment, it was such an act as gave prohibition investigators the right to execute warrants under the provisions of section 104 (a) (2) of the Reorganization Act of 1930 (27 USCA § 104 (a) (2). In other words, it is contended that in the ordinary "still" case the authority to execute warrants continued in the prohibition agents. On the other hand, on the part of the defendants, it is contended that since the enforcement provisions of the National Prohibition Act were made unenforceable by the adoption of the repeal amendment, there is no authority left in these agents to so act.

The acts charged in the complaints on which the warrants herein were issued and seizures made are violations of certain sections of the Internal Revenue Law. These same acts constitute violations of the provisions of the Industrial Alcohol Act. Since it is my view that the Industrial Alcohol Act was not nullified or rendered unenforceable by the repeal amendment, we have here alleged violations of the Internal Revenue Law which are also violations of the Industrial Alcohol Act. Since it is also my view that the office of investigator in the prohibition unit, Department of Justice, was not eliminated as a result of the repeal amendment, it follows that pursuant to provisions of section 104 (a) subd. 2, 27 USCA, the Reorganization Act, Investigator Newton of the prohibition unit had the right and authority to execute the warrant under date of January 13, 1934.

The warrant under date of January 13, 1934, is directed to Newton as an internal revenue officer. It is my opinion that Newton was not an internal revenue officer at that time. The Internal Revenue Law provides that a collector or deputy collector may seize goods, wares, and merchandise where there have been violations such as charged in these indictments. It also provides that any internal revenue officer may be authorized to search in a case where fraud upon the revenue has been committed. Evidently, assuming that the prohibition agents did not have authority to execute warrants in certain cases, the government sought to appoint these prohibition agents as deputy collectors. If the appointment as deputy collectors was valid, the appointment as prohibition agents became invalid. If invalid, it had no effect upon their prior status.

In or about December 21, 1933, the collector of internal revenue for the district of Maryland purports to make the appointment of 1,000 or more individuals who had been prohibition agents as deputy collectors and to give them authority to file informations for arrest and search warrants under the Internal Revenue Law. The collector designated no district in which they were authorized to search. Under the same date, the Commissioner of Internal Revenue purports, by a communication to these agents, to authorize them to perform any duties assigned them "in such other Internal Revenue Districts as may be necessary from time to time." It is my opinion that the appointment of these agents as deputy collectors was invalid, and, if the appointments were valid, there is nothing in the record to show the assignment of these deputy collectors to any other district than the Maryland district. U. S. v. Parzah (D. C.) 18 F.(2d) 1002. The collector of Internal Revenue for the Maryland district had no authority to assign the deputy collectors appointed to him to any district other than the Maryland district. Section 27, title 26, U. S. C. (26 USCA § 27). The Maryland collector had no authority to appoint deputy collectors in excess of 15 per cent. of the number he had theretofore had in his employ. Section 55, title 26, U. S. C. (26 USCA § 55). Concededly, the appointment made exceeded such percentage. The Commissioner of Internal Revenue was authorized to detail collectors in one dis-

trict for special duty in other districts. Section 30, title 26, U. S. C. (26 USCA § 30). The Internal Revenue Commissioner did not detail these so-called deputy collectors to any special duty in this district. The direction by the internal revenue collector to which we have referred does not meet the requirements of the statute in that it does not detail the deputy collectors to any district, nor does it assign any special duties. U. S. v. Thomas Caughen and Samuel Fredman,[1] decided October 24, 1934, unreported, involved the question of the effect of an identical communication from the internal revenue collector, and the court held that there was not such an authorization as contemplated by section 30, title 26, U. S. C. (26 USCA § 30). While agent Newton did not have the right to act as an internal revenue agent in executing the warrant, he had the right to act as a prohibition investigator, and the erroneous designation of his title as an officer did not affect his right to execute the warrant upon his actual authority. So it is my opinion that the warrant under date of January 13, 1934, was lawfully executed and the seizure thereunder lawfully made.

■ By the Act of March 3, 1933 (47 Stat. 1517, § 16 [5 USCA § 124 et seq.]), the President of the United States was authorized to reorganize various governmental branches. Pursuant to this authority, by Executive Order No. 6639, on March 10, 1934, the duties theretofore performed by the Bureau of Prohibition in the Department of Justice by virtue of the provisions of the Reorganization Act of 1930, so far as existing laws authorized performance, were transferred to the Commissioner of Internal Revenue under the direction of the Secretary of the Treasury. The personnel of such former bureau was likewise transferred. On May 10, 1934, by order of the Commissioner of Internal Revenue an alcohol tax unit was set up in the Bureau of Internal Revenue. This alcohol tax unit was charged, among other things, with the duty of making seizures for violations such as charged in the indictments herein. The individual who executed the search warrant on June 26, 1934, was transferred from the alcoholic beverage unit, Bureau of Investigation, Department of Justice, to the alcohol tax unit, Bureau of Internal Revenue. It would seem from the communication making this appointment that the Treasury Department recognized the continued status of the officer who executed the warrant as a member of the Prohibition Bureau in the Department of Justice. He was not transferred from a position as deputy collector. The executing officer became a member of the alcohol tax unit by virtue of the appointment of May 10, 1934, and therefore was authorized to execute the warrant herein on June 26, 1934.

It follows that the motion to set aside the warrant issued and suppress the evidence seized on January 13, 1934, must be denied, and the indictment thereon sustained, and the motion to vacate the warrant issued and suppress the evidence obtained on June 26, 1934, denied, and the indictment thereupon must be sustained.

The court is asked to pass upon certain specific questions numbered 1 to 5, inclusive. I find in respect to these:

No. 1. That on December 5, 1933, and until December 21, 1933, Raymond M. Newton maintained his status as prohibition investigator, prohibition unit, division of investigation, Department of Justice.

No. 2. Government's letters, government's Exhibits B, C, and D, did not create a valid appointment as a deputy collector of internal revenue and did not affect the position of Raymond M. Newton as prohibition investigator, division of prohibition.

No. 3. Raymond M. Newton did not have authority as deputy collector of internal revenue to execute warrant, Exhibit D, within the Western district, state of New York.

No. 4. Raymond M. Newton from December 5, 1933, up to and including May 10, 1934, maintained status as prohibition investigator, prohibition unit, division of investigation, Department of Justice.

No. 5. The appointment, government's Exhibit G, dated May 10, 1934, was a valid appointment of Raymond M. Newton as an investigator, Department of Justice, alcohol tax unit, Bureau of Internal Revenue, and, as such investigator, had authority to execute warrant marked Exhibit H.

---

[1] No written opinion filed.