UNITED STATES v. ROSENZWEIG.

No. 9651.

District Court, M. D. Pennsylvania.

Jan. 7, 1939.

812

Fred Follmer, U. S. Atty., of Milton, Pa.

Samuel Handler and Earl Handler, both of Harrisburg, Pa., for defendant.

JOHNSON, District Judge.

The defendant has moved to quash the indictment which charges him with violating a regulation of the Commissioner of Internal Revenue by selling bay rum to certain persons, " * * * well knowing that it was the intention of the purchaser to procure the same for beverage purposes." In support of his motion, defendant alleges the following reasons: first, no statutory authority exists which declares the act prohibited by the regulation to be a criminal offense; second, the regulation constitutes an improper delegation of legislative power; third, the indictment is so vague, uncertain, and indefinite as to fail to set out an offense. These contentions will be considered in the above order.

The indictment is based upon Title 3, Section 13, 27 U.S.C.A. § 83, of the National Prohibition Act, which gives the Commissioner of Internal Revenue authority to issue regulations respecting " * * * the distribution, sale, export, and use of alcohol which may be necessary, advisable, or proper, to secure the revenue, to prevent diversion of the alcohol to illegal uses * * *." The repeal of the 18th Amendment, Const. U.S.C.A., did not repeal this section, U. S. v. Warshaw, Inc., D.C., 8 F.Supp. 95. The Liquor Law Repeal and Enforcement Act of 1935 gives the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, authority to prescribe regulations for carrying out the provisions of the National Prohibition Act (Chapter 3, tit. 3, § 1 et seq., 27 U.S.C.A. § 71 et seq.) Title I, Section 2(6), 27 U.S.C.A. § 151 (6). This act further provides that any person violating a regulation pertaining to denatured alcohol shall be punished in accordance with the provisions of law pertaining to alcohol that is not denatured. Title I, Section 4, 27 U.S.C.A. § 153.

The Commissioner of Internal Revenue, pursuant to the above statutes, issued regulation 146–A, which is the basis of the present prosecution, and which reads as follows: "No person shall sell denatured alcohol, denatured rum, or any substance or preparation in the manufacture of which denatured alcohol or denatured rum is used, under circumstances from which he might reasonably deduce that it is the intention of the purchaser to procure the same for use for beverage purposes."

The statutes cited above provide ample statutory authority for the regulation in question. There is thus no merit in defendant's first contention.

It is next urged that the statutory authority for the regulation in question constitute an unconstitutional delegation of legislative power. There is no merit in this contention. The authority vested in the Commissioner is for the purpose of enabling him to supply the subordinate rules and regulations which are necessary and proper for the accomplishment of the general policy and purpose of the legislature. In this case the legislative purpose is the enforcement of the collection of revenue on alcohol by preventing its diversion to illegal uses, and the regulation in question is clearly necessary, advisable and proper for this purpose. Under these circumstances, the authority which is delegated to the Commissioner is administrative and not legislative. This distinction is clearly pointed out by Mr. Chief Justice Hughes in the case of Panama Refining Co. v. Ryan, 293 U.S. 388, 421, 55 S.Ct. 241, 248, 79 L.Ed. 446, in the following language: "The Constitution has never been regarded as denying to the Congress the necessary resources of flexibility and practicality, which will enable it to perform its function in laying down policies and establishing standards, while leaving to selected instrumentalities the making of subordinate rules within prescribed limits and the determination of facts to which the

policy as declared by the legislature is to apply. Without capacity to give authorizations of that sort we should have the anomaly of a legislative power which in many circumstances calling for it exertion would be but a futility."

The third contention is that the indictment is insufficient because it is vague, indefinite and uncertain. An examination of the indictment shows that it states the ultimate and essential facts with sufficient detail fully to inform the defendant of the crime charged, and to enable a conviction, or acquittal, to be pleaded as a bar to a subsequent prosecution for the same offense. This is all that is required. Elgin, J. & E. R. Co. v. U. S., 7 Cir., 253 F. 907, certiorari denied, 249 U.S. 601, 39 S.Ct. 259, 63 L.Ed. 797. Failure of the indictment to set out the exact facts and circumstances from which the defendant might reasonably deduce the purchaser's intention does not invalidate the instrument. This is likewise true in so far as the indictment fails to set forth the exact contents of the various brands of "bay rum". These are matters of evidence to be proved at the trial, and as such need not be set forth in the indictment. Brown v. U. S., 8 Cir., 143 F. 60, certiorari denied, 202 U.S. 620, 26 S.Ct. 765, 50 L.Ed. 1174.

There being no merit in any of defendant's contentions, the motion to quash the indictment must be dismissed.