46 F.3d 1134
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Virgilio SERRANNO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-3387.
 United States Court of Appeals, Seventh Circuit.
 Submitted: Jan. 30, 1995.*
Decided: Feb. 6, 1995.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Virgilio Serranno, serving a 144-month sentence for possessing heroin with intent to distribute that drug, 21 U.S.C. Secs. 841(a)(1), 846, sought but did not obtain relief under 28 U.S.C. Sec.2255. Serranno contests both the conviction and the sentence. (We spell petitioner's name "Serranno" even though his signature on the documents in this court reads "Serrano." The caption appearing on a majority of his papers uses "Serranno," and we accept that as his preference.)
 
 
 2
 Serranno contends that his attorney furnished ineffective assistance of counsel. The district court thought this contention too undeveloped to require analysis, and we share that assessment. Serranno's brief in this court accuses counsel of ten separate shortcomings but does not provide any details. For example, the first item on the list of supposed failings is counsel's "[f]ailure to contact witnesses". Which witnesses? What would they have said, if interviewed and put on the stand? Following the admonitions of Strickland v. Washington, 466 U.S. 668 (1984), we have held that "[v]ague and general allegations are insufficient to satisfy the [performance] prong of the Strickland test." United States v. Herrera-Rivera, 25 F.2d 491, 497 (7th Cir. 1994). With respect to contentions that counsel did not investigate potential witnesses, we have insisted that the petitioner give details:
 
 
 3
 The focus of the inquiry ... must be on what information would have been obtained from such an investigation and whether such information ... would have produced a different result. Under usual circumstances, we would expect that such information would be presented to the habeas court through the testimony of the potential witnesses. ... Therefore, if the potential witnesses are not called, it is incumbent on the petitioner to explain their absence and to demonstrate, with some precision, the content of the testimony they would have given at trial. The district court simply cannot fulfill its obligation under Strickland to assess prejudice until the petitioner has met his burden of supplying sufficiently precise information.
 
 
 4
 United States ex rel. Cross v. DeRobertis, 811 F.2d 1008, 1016 (7th Cir. 1987). Serranno has not supplied any of these details and has not requested discovery so that he might attempt to secure them. The other elements of his ineffective-assistance claim suffer from the same defect.
 
 
 5
 As for the sentence: Serranno contends that he should not have received a two-level enhancement for obstruction of justice. This contention fails for three reasons. First, improper application of the Sentencing Guidelines may not be raised on collateral attack in the absence of compelling circumstances not here present. Scott v. United States, 997 F.2d 340 (7th Cir. 1993). Second, Serranno neglected to present this contention to the district court and therefore has forfeited whatever slight chance there might be of fitting the contention into Sec.2255. See Reed v. Farley, 114 S. Ct. 2291 (1994). Finally, this issue was fully considered and rejected on direct appeal. United States v. Serranno, 920 F.2d 935 (7th Cir. 1990) (table). The law of the case bars reconsideration unless there has been an intervening change of law. United States v. Mazak, 789 F.2d 580 (7th Cir. 1986). There has been no relevant change.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record