## UNITED STATES v. JUN.
### No. 337.

Circuit Court of Appeals, Tenth Circuit.

March 10, 1931.

594

William Earl Wiles, Asst. U. S. Atty., of Oklahoma City, Okl. (Roy St. Lewis, U. S. Atty., of Oklahoma City, Okl., on the brief), for the United States.

E. E. Blake and Mr. J. S. Estes, both of Oklahoma City, Okl., for appellee.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge.

The government brought this action at law to recover $4,184.27. There are six causes of action in the petition, the plaintiff seeking judgment (1) for $500 for possessing an unregistered still; (2) for $500 for setting up a still without first obtaining a permit therefor; (3) for $1,000 for engaging in the business of a distiller without giving notice thereof; (4) "under Section 35 of the National Prohibition Act," for $1,000 for illegally and unlawfully manufacturing intoxicating liquor; (5) for $1,166.67 for carrying on the business of a distiller in the state of Oklahoma contrary to the laws of that state; and (6) "under Section 600 of the Revenue Act of 1918, as amended by the Revenue Act of 1926," for $17.60 for the manufacture of 2.75 gallons of distilled spirits. In answer, the defendant pleaded that the acts complained of were violations of the National Prohibition Act, and that he had been convicted for such acts, and that such conviction was a bar to the prosecution of this action under section 5 of the Willis-Campbell Act (27 USCA § 3). The government moved for judgment notwithstanding the answer; this motion was denied; the government declined to plead over; and the trial court entered judgment on all counts in favor of the defendant.

The government concedes that recovery on the first, second, third, and fifth causes of action is barred by the Willis-Campbell Act. This leaves for consideration the fourth and sixth causes of action.

The fourth cause of action is based on title 2, section 35, of the National Prohibition Act (27 USCA § 52), which imposes "a tax * * * in double the amount now provided by law, with an additional penalty of * * * $1,000 on manufacturers." The sixth cause of action is based upon section 600(a) of the Internal Revenue Act of February 24, 1919, as amended by the Act of February 26, 1926 (26 USCA § 245). This section imposes a tax of $1.65 a gallon on liquors manufactured between January 1, 1927, and January 1, 1928, which is the period involved in this case; the same section provides that there shall be a tax of $6.40 a gallon imposed on such liquor if it is diverted to beverage purposes. The recovery sought on the sixth cause of action is for $6.40 a gallon.

It thus appears that the government seeks to recover a penalty under both the fourth and sixth causes of action. The sum sought to be recovered under the fourth cause of action is a specific penalty. The sum sought to be recovered under the sixth cause of action is a penalty in part, $1.65 a gallon being tax, and the balance in fact being a penalty, although described as a tax. Waterloo Distilling Corporation v. United States, 51 S. Ct. 282, 75 L. Ed. ——.

In United States v. La Franca, 51 S. Ct. 278, 280, 75 L. Ed. ——, the Supreme Court of the United States ruled that, "if an exaction be clearly a penalty it cannot be converted into a tax by the simple expedient of calling it such." It further ruled that a civil action to recover penalties is a "prosecution" under section 5 of the Willis-Campbell Act, and is barred by a prior conviction for the same acts or offenses. That decision disposes of this case.

The judgment is therefore affirmed.