UNITED STATES v. GLIDDEN CO. et al.
No. 17954.

District Court, N. D. Ohio, E. D.
July 9, 1934.

178

E. B. Freed, U. S. Atty., of Cleveland, Ohio, and George W. Whiteside, Abraham Benedict, James M. Hoffa, and Samuel Klaus, Sp. Assts. to the Atty. Gen.

Squire, Sanders & Dempsey, of Cleveland, Ohio, for defendants.

JONES, District Judge.

The demurrer of the government is directed against certain defenses set up in the defendants' answer, among which are that the claim of the government is a penalty, not a tax, and that the defendants have already been penalized in an earlier criminal action for substantially the same alleged diversion of alcohol; that the collection of the claimed tax is barred by the repeal of the prohibition amendment; that the collection is barred by the statute of limitations; and because no assessment of the alleged tax was ever made against the defendants.

■ Considering the challenge to the first named of these defenses, it seems to me to be against reason to believe that the levy to be collected under the Revenue Law in question was intended to be imposed for diversion of distilled spirits for beverage purposes, except upon the theory that it was unlawful to do so. If this could not have been asserted with complete accuracy on February 24, 1919 (Revenue Act 1918, 40 Stat. 1057), it can be adequately supported by the subsequent amendments to the Internal Revenue Acts of 1921 (42 Stat. 227) and 1926 (44 Stat. 9).

While the precise question under the Revenue Act involved has not been before the higher courts, the history of the act and its amendments, and the contemporaneous development of legislation under the Eighteenth Amendment, leaves free from doubt the penal character of the levy. No tax was to be paid for the distilled spirits withdrawn, under the facts in this case, unless they were diverted to beverage purposes, in which event the unit levy of $6.40 was to be imposed upon whomever should be found responsible for such diversion.

It is a rule that for the purposes of a demurrer all well-pleaded and material facts are to be taken as true. The defendants contend that they were punished in the Maryland criminal case for the same acts for which the United States now seeks to exact the levy provided by the pertinent Revenue Act. It is sufficient to say in respect of the defense of former jeopardy that, if the same acts relied upon to support the indictment in Maryland are now to be made the basis of this subsequent civil action, such defense well may be a bar to recovery of penalties.

The demurrer to this defense will be overruled.

■ Regarding the levy provided for by the internal revenue law in question as a penalty and not a tax, my judgment is that repeal of the Eighteenth Amendment effects a complete bar to its recovery, and this for the reason that I think the section of the Revenue Act in question (Revenue Act 1926, § 900 (3, 4), 26 USCA § 245 (3, 4), in so far as it provides a penalty for diversion of distilled spirits, was an adjunct and a supplement to the prohibition laws which passed with the repeal of its base.

■ Other defenses challenged would seem to turn upon facts not presently ascertained, but which may be adduced upon trial, and the demurrer as to them will also be overruled.

Exceptions to the action of the court may be entered on behalf of the United States.