### UNITED STATES v. GLIDDEN CO. et al.
### No. 6887.

Circuit Court of Appeals, Sixth Circuit.
June 29, 1935.

George W. Whiteside, of New York City (Abraham Benedict, of New York City, James M. Hoffa, of Baltimore, Md., and E. B. Freed, U. S. Atty., of Cleveland, Ohio, on the brief), for the United States.

H. J. Crawford, of Cleveland, Ohio, and Roger Hinds, of New York City (Clifton M. Kolb and Squire, Sanders & Dempsey, all of Cleveland, Ohio, on the brief), for appellees.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

The appellant brought a civil suit to recover upwards of $2,000,000 as taxes and interest under subdivision 4, of section 900, of the Revenue Act of 1926 (26 USCA § 245 (4), for the diversion by the appellees of denatured alcohol to beverage purposes, in violation of the terms of permits issued to them under title 3, of the National Prohibition Act (27 USCA § 71 et seq.). The appellees, defendants below, asserted a number of defenses, to six of which the appellant demurred upon the ground that each upon its face was insufficient in law. The demurrers being overruled ([D. C.] 8 F. Supp. 177), the appellant declined to plead further, and judgment followed for defendants upon the merits. From this judgment and the order overruling the demurrers, the United States appeals.

The challenged defenses are in the main based upon the contention that the exaction required by subdivision 4, set forth in the margin,[1] is a penalty and not a tax, and is therefore barred by the five-year statute of limitations, § 791, title 28, U. S. C. (28 USCA § 791) and by a prior indictment, conviction and punishment, of the Glidden Company in the District of Maryland, both under the double jeopardy clause of the Fifth Amendment and that of the Willis-Campbell Act (42 Stat. 222); and because of the failure of the statute to prescribe with reasonable certainty the elements of the offense and the identity of the person to be penalized, as required by the Fifth Amendment; because of the excessiveness of the penalties, in violation of the Eighth Amendment; and because of the failure of the government to make a prior demand, assessment, or levy, or to give notice, in contravention of the due process clause of the Fifth Amendment. Finally, it is asserted that the exactions are not only penalties, but that they can be supported only by power conferred by the Eighteenth Amendment, and that the repeal of that amendment precludes their imposition. The government having rested its case upon the demurrers, it is clear that if any one of the assailed defenses is sufficient in law, the judgment must stand.

Because of the importance attached to it, both in brief and argument, we take up first the defense of double jeopardy. It is, of course, premised upon the contention

---

[1] (4) On and after February 26, 1926, on all distilled spirits which are diverted to beverage purposes or for use in the manufacture or production of any article used or intended for use as a beverage there shall be levied and collected a tax of $6.40 on each proof gallon or wine gallon when below proof, and a proportionate tax at a like rate on all fractional parts of such proof or wine gallon, to be paid by the person responsible for such diversion. If a tax at the rate of $2.20, $1.65, or $1.10 per proof or wine gallon has been paid upon such distilled spirits, a credit of the tax so paid shall be allowed in computing the tax imposed by this paragraph.

that the exaction imposed is a penalty and not a tax, and this must of necessity be first examined, for if based upon a wrong premise, this defense and others similarly supported must fail. It is said that the question is res integra. Perhaps this is so in that the Supreme Court has not specifically ruled on the exaction here involved. If, however, persuasive analogies and principles applied in cases not readily distinguishable from this are to be considered, the question presented is not precisely one of first impression.

█ We start with the general principle announced in Lipke v. Lederer, 259 U. S. 557, 42 S. Ct. 549, 551, 66 L. Ed. 1061: "The mere use of the word 'tax' * * * is not enough to show that within the true intendment of the term a tax was laid," for "when by its very nature the imposition is a penalty, it must be so regarded"; or with the definition of a tax in United States v. LaFranca, 282 U. S. 568, 51 S. Ct. 278, 280, 75 L. Ed. 551, "A 'tax' is an enforced contribution to provide for the support of government; a 'penalty,' as the word is here used, is an exaction imposed by statute as punishment for an unlawful act. The two words are not interchangeable one for the other. No mere exercise of the art of lexicography can alter the essential nature of an act or a thing; and if an exaction be clearly a penalty it cannot be converted into a tax by the simple expedient of calling it such." The basic tax laid by section 900 of the 1926 Revenue Law was imposed upon all distilled spirits produced or imported into the United States, to be paid by the distiller or importer when withdrawn. Subdivision 4 of that section imposed an additional exaction on such distilled spirits as are "diverted to beverage purposes" to be paid, not by the distiller or importer, but by "the person responsible for such diversion," with a credit for the basic tax if previously paid. Since the defendants were neither distillers nor importers, and have paid no basic tax, the exaction here sought to be recovered is either wholly a penalty or wholly a tax, and is not partly penalty and partly tax.

The statutory history of subdivision 4 is important. The War Revenue Act of 1917, § 300, 40 Stat. 308, provided for a nonbeverage tax of $1.10 per gallon on distilled spirits, but if withdrawn for beverage purposes the tax was $2.10. These sums were in addition to $1.10 per gallon imposed under the Revenue Act of 1894 § 48, 28 Stat. 563. The Revenue Act of 1918, § 600 (a), 40 Stat. 1105, combined these taxes, and as applicable to spirits withdrawn for beverage purposes, raised the combined exaction to $6.40 per gallon. In the 1921 Revenue Act, § 600, 42 Stat. 285, passed two years after the enactment of the National Prohibition Law (27 USCA § 1 et seq.), there is first found a provision for an added exaction laid on alcohol "diverted" to an unlawful purpose in violation of the Internal Revenue Laws or the National Prohibition Act, and there also first appears the requirement for payment by the person responsible for diversion.

█ The features which are claimed to constitute the imposition of subdivision 4 a penalty as distinguished from a tax, are its exclusively criminal subject-matter in that it applies only to spirits diverted to beverage purposes, the fact that it is an additional levy set apart from a basic tax which falls upon legal and illicit spirits alike, and the fact that it singles out for payment persons who can be identified only by a determination of criminality. It is urged that but two other so-called taxes embody the three features, the tax under section 35 of title 2 of the National Prohibition Act (27 USCA § 52), and the tax imposed by the Act of November 23, 1921 (42 Stat. 285) amending section 600 (a) of the Revenue Act of 1918 (40 Stat. 1105). The first of these taxes was held to be a penalty in Lipke v. Lederer, supra, and United States v. LaFranca, supra, the tax under the 1921 amendment was held to be a penalty in United States v. Springer & Lotz, 69 F.(2d) 819 (C. C. A. 2), and the present tax was construed as a penalty in United States v. Jun, 48 F.(2d) 593 (C. C. A. 10). While Lipke v. Lederer, and United States v. LaFranca, held that the sums sought to be collected under section 35 by distraint were penalties to the effect that the collector should be enjoined from assessing them without a hearing, notwithstanding the mandate of section 3224, Rev. St., 26 USCA § 154 (prohibiting suits to restrain collection or assessment of taxes), we think they support the principle here invoked. United States v. Springer & Lotz, and the Jun Case are more in point, the former dealing with a similar and the latter with the identical tax here involved. Even the Revenue Act of 1918, § 600 (a), which added a levy to the basic tax if spirits were "withdrawn"

for beverage purposes to be paid by the distiller or importer rather than by the person responsible, imposed a penalty, Regal Drug Co. v. Wardell, 260 U. S. 386, 43 S. Ct. 152, 67 L. Ed. 318, though the criteria of criminality are less clearly there defined than here. Finally, there is executive construction of subdivision 4 in Treasury Decision 3911, July 30, 1926, 50 Treas. Dec., No. 6, pp. 39 to 42, and in the Joint Interdepartmental Ruling of October 27, 1933, furnished to the House and Senate Committees upon the effect of the prospective repeal of the Eighteenth Amendment, to the effect that the imposition here involved is a penalty. While not conclusive, executive construction of a statute is entitled to great weight, and will not be disturbed except for satisfactory reasons. Brewster v. Gage, 280 U. S. 327, 336, 50 S. Ct. 115, 74 L. Ed. 457; Gratiot v. United States, 4 How. 80, 11 L. Ed. 884; United States v. Philbrick, 120 U. S. 52, 7 S. Ct. 413, 30 L. Ed. 559. We conclude upon this point that what is sought to be collected in the instant suit is a penalty, and not a tax.

■ This leads to a consideration of the criminal prosecution brought against the Glidden Company in the District Court of Maryland in July, 1931. The Glidden Company was there indicted for conspiring with other persons to violate the Prohibition Act and the Denatured Alcohol Act of June 7, 1906. By leave of court it pleaded nolo contendere, which by order was treated the "same as pleas of guilty for purposes of said case," whereupon judgment was pronounced and the defendant was fined and paid the sum of $10,000. The answer here alleges that the offense or offenses charged in the indictment consisted of a series of acts extending over and including the same period of time as charged in the petition in the case at bar, and that every fact alleged in the present petition might have been proved under that indictment. For present purposes these allegations must, of course, be taken as true. The United States, however, contends that the Maryland conviction is no bar because it was for the crime of conspiracy, whereas the tax here imposed, even if a penalty, is based upon the commission of substantive offenses condemned by the statute, and that a plea of nolo contendere may not be asserted by a defendant as a bar to a subsequent civil action, for it is not a plea of guilty.

While, of course, a conspiracy to commit a crime is a different offense from the crime that is the object of the conspiracy, United States v. Rabinowich, 238 U. S. 78, 85, 35 S. Ct. 682, 59 L. Ed. 1211; United States v. Stevenson, 215 U. S. 200, 30 S. Ct. 37, 54 L. Ed. 157, yet it has been held that where there has been a conviction for conspiracy, and in a later case the defendant, while not charged with the conspiracy by name, is charged with aiding and abetting the commission of the very acts which were the objects of the conspiracy, the offenses are the same, and the former judgment is a bar to the second action. United States v. McKee, 26 Fed. Cas. page 1116, No. 15,688, approved United States v. LaFranca, supra. See, also, United States v. Chouteau, 102 U. S. 603, 26 L. Ed. 246; United States v. Gates, 25 Fed. Cas. page 1263, No. 15,191. The petition here meets the tests above indicated. But even if these authorities be not controlling, we are of the opinion that the Willis-Campbell Act so enlarges the immunity against double jeopardy in the Fifth Amendment, that it must control decision here. That act provides: "All laws in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force on October 28, 1919, shall be and continue in force, as to both beverage and nonbeverage liquor, except such provisions of such laws as are directly in conflict with any provision of this title; but if any act is a violation of any of such laws and also of this title, a conviction for such act or offense under one shall be a bar to prosecution therefor under the other." (27 US CA § 3)

It will be noted that the statute above recited bars a subsequent prosecution, not only where there is identity of offenses, but identity of acts. There is an important distinction between an act and an offense (United States v. Lanza, 260 U. S. 377, 43 S. Ct. 141, 67 L. Ed. 314), in that a number of offenses may grow out of the same act.

Conviction and punishment on a plea of nolo contendere has been characterized as being "'in the nature of a compromise' between the prosecutor [state] and the defendant." Tucker v. United States, 196 Fed. 260, 267, 41 L. R. A. (N. S.) 70 (C. C. A. 7). In United States v. LaFranca, supra, the court approved the doctrine of United States v. Chouteau, supra, that a

compromise is the same in principle as a conviction in criminal proceedings. Quoting from its earlier decision, the court said, inter alia: "The term 'penalty' involves the idea of punishment, and its character is not changed by the mode in which it is inflicted, whether by a civil action or a criminal prosecution. The compromise pleaded must operate for the protection of the distiller against subsequent proceedings as fully as a former conviction or acquittal. He has been punished in the amount paid upon the settlement for the offence with which he was charged, and that should end the present action, according to the principle on which a former acquittal or conviction may be invoked to protect against a second punishment for the same offence. To hold otherwise would be to sacrifice a great principle to the mere form of procedure, and to render settlements with the government delusive and useless."

While the Forest City Paint & Varnish Company, appellee, was not a defendant in the criminal proceedings in the Maryland District, the allegation of the answer in the case at bar that it and the Glidden Company were so merged and consolidated as actually to have no separate or independent existence, must be taken as true by virtue of the demurrer. Moreover, appellant's brief grants the point that punishment of the dominating corporation for acts committed through the agency of its subsidiary exempts the latter precisely as though it had also been indicted and punished.

In view of our conclusion that the present suit is for penalties and is barred by the defendants' earlier punishment, it becomes unnecessary to consider other defenses challenged by the demurrers.

The judgment below is affirmed.