**UNITED STATES v. GLIDDEN CO. et al.**

**Nos. 8652, 8653.**

Circuit Court of Appeals, Sixth Circuit.

April 18, 1941.

Roger Hinds, of New York City, and H. J. Crawford, of Cleveland, Ohio (Squire, Sanders & Dempsey and Frank Harrison, all of Cleveland, Ohio, on the brief), for appellees.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

Appellant, United States of America, appeals from judgments entered on the pleadings, dismissing its actions upon bonds given by the appellee Glidden Company, with the appellee United States Guarantee Company, surety in connection with the issuance to the Glidden Company of permits to use specially denatured alcohol in the manufacture of industrial products.

Appellee Glidden Company was a permittee under Treasury Regulations 61, promulgated by the Secretary of the Treasury, pursuant to Title 2, of the National Prohibition Act, 41 Stat. ch. 85, p. 307, 27 U.S.C.A. § 4 et seq., for the use of denatured alcohol in manufacturing industrial products.

Under the regulations, it was required to and did execute to the United States three bonds of the respective penalties of $100,000, $50,000 and $70,000, which are identical except as to the penal sums and are on form 1480 as prescribed by the Treasury Regulations. Each bond was given by the appellee Glidden Company as principal and the appellee United States Guarantee Company as surety, as a condition of the issuance of the permits. The recitals of the respective bonds are identical with the exception that the bond for $50,000 provides for the rate of $2 per wine gallon in case of breach whereas the other two provide for $4.50 per wine gallon, and are as follows: "Now, therefore, the condition of the obligation is such that if there be no material false statement in the application for such permit, and the said principal shall not violate the terms of such permit, and shall transport, store and use such denatured alcohol in accordance with the law and regulations made pursuant thereto, and shall in all respects fully and faithfully comply with all provisions of law now or hereafter enacted and all regulations promulgated thereunder respecting such transportation, storage and use, and shall pay for all such denatured alcohol illegally or unlawfully diverted, lost, or unaccounted for a violation of such permit and law and regulations at the rate of $4.50 per wine gallon, and in addition thereto shall pay all

Frederick G. Rita, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Frederick G. Rita, and Paul F. Mickey, Sp. Assts. to Atty. Gen., and Emerich B. Freed and Francis B. Kavanagh, both of Cleveland, Ohio, on the brief), for appellant.

penalties and fines imposed, then this obligation to be void; otherwise, to remain in full force and virtue."

Each of the permits provided that it was conditioned on the permittee and all of its agents and employees in good faith observing and conforming to all of its terms and conditions and to all the laws of the United States relating to the manufacturing, taxation, control and traffic in intoxicating liquors and in addition that the permittee would obey all regulations made pursuant to law or all laws then or thereafter in force in the states in which the permittee's business was located, or in which the privileges granted under the permits might be exercised.

In its second amended petition, appellant alleged that the permits were issued to the appellee Glidden Company on its representation that it would use all of the alcohol on which no tax had been paid in the manufacture of legitimate industrial products according to the formulae specified in the application for the permits and that the products, when manufactured, would be disposed of by the appellee solely for industrial uses and to supply the industrial market.

It is then alleged that appellee never intended to use the alcohol for the purpose represented, but intended at all times to, and did, divert it to beverage purposes in violation of the terms of the permit and the laws of the United States.

Appellant in its petition specifically states the substance of the Glidden Company's applications for permits, the substance of the permits, and the form of the respective bonds and the number of wine and proof gallons it received under them from distillers' bonded warehouses tax free. After these recitals, the appellant charges appellee with violating the terms of the permits in the following particulars:

That it falsely and fraudulently represented to the United States that it proposed to use the alcohol according to a formula attached to the permits in the manufacture of an industrial product under the trade-name of "Zobelin Lacquer Thinner" when in fact it had theretofore entered into a fraudulent scheme and conspiracy with certain individuals to use the ethyl alcohol contained therein for beverage purposes. It then alleges the alcohol was diverted by the permittee and used for beverage purposes. Appellant's petitions contain two counts on each bond in the alternative, one asking damages at the rate per wine gallon stated in the bond, on each wine gallon diverted to beverage purposes and the other on the basic tax in force against the distiller or importer at the time of the diversion.

In action No. 8652, the petition is in four counts; in action No. 8653 it is in two counts. Appellees answered and admitted the allegations of appellant's petition as to the preliminaries prior to the issuance of the permits, their issuance, the form and execution of the respective bonds and the wine and proof gallons of the alcohol received by the principal pursuant to the permits. They denied all other allegations of the petition and alleged eight affirmative defenses as follows: (1) That the Commissioner of Internal Revenue, in requiring appellee Glidden Company to make payment at the rate of $4.50 or $2 per wine gallon in the event the alcohol was diverted to beverage purposes, exceeded his lawful authority, because no such tax was owing by appellee in case of diversion and that the bonds in no event could be in excess of the actual damages sustained by the United States due to appellees' violation of the permits; (2) that the appellant had theretofore instituted a civil action against appellee Glidden Company to recover all the taxes and penalties claimed to have been due by reason of the diversion of the alcohol described in appellant's petition and that the former action and the present action were based on identical facts and that an adjudication in favor of appellee in the former was a bar to this one and appellant was estopped to maintain a second action against appellees on the bonds herein; (3) that in the prior action it was adjudicated that the Glidden Company had no knowledge of any diversion of the alcohol to beverage purposes; (4) that the repeal of the Eighteenth Amendment to the Constitution of the United States abated the penalties provided in the respective bonds; (5) that appellee Glidden Company had, on a plea of nolo contendere, paid a fine of $10,000 in a criminal action under an indictment which was based on the identical facts alleged in appellant's petitions and that the payment of this sum was in compromise of all the penalties which appellant sought to recover in these actions; (6) that in the former criminal proceeding, appellant in writing indicated that the payment of the fine on appellee's plea of nolo contendere would satisfy all the claims of the United States for any penalties alleged to be due

for the conversion of the alcohol and appellant was thereby estopped to make the demands set out in these actions; (7) that appellant's action was barred by the applicable statute of limitations, U.S.C.A. Title 28, § 791, which requires all actions for penalties to commence within five years after they accrue; (8) that a part of the alcohol alleged to have been withdrawn and diverted under count 1 and all of it under count 3 of appellant's petition in action No. 8652 were withdrawn under permits not bonded by the appellee United States Guarantee Company. The appellant demurred to all of the above defenses, which demurrer was overruled. It then denied the allegations of appellees' answer as to defenses 1, 3, 4, 5, 6, 7 and 8, and as to defense 2 plead affirmatively that the former action was not a suit for taxes and no question relating to the liability of appellees on the present bonds was or could have been litigated.

Appellees made a motion for judgment on the pleadings and alleged as grounds therefor, (1) That appellant's second amended petition failed to allege facts sufficient to constitute a cause of action; (2) that appellant's reply to appellees' answer failed to deny any of the facts alleged in any of the affirmative defenses except by mere conclusion of law or by sham and frivolous denials of facts which had theretofore been conclusively adjudicated and were matters of record of which the court could take judicial notice. Their motion was sustained and the petitions dismissed.

Appellant raises no question on this appeal as to the power of the court to dispose of the matter by a summary judgment on the pleadings as provided in Rule 56 of Rules of Civil Procedure, Title 28 U.S.C.A. following Section 723c; Town of River Junction v. Maryland Casualty Company, 5 Cir., 110 F.2d 278. Under this state of the record, counsel agree that there is submitted for the court's determination the sufficiency of each of appellees' special defenses.

Title 3, Sections 1 to 9, inclusive, 41 Stat. ch. 85, pp. 319, 320, 27 U.S.C.A. § 71–79, provided for the manufacture and storage in bonded warehouses of industrial alcohol and Section 10 of the Act, 27 U.S.C.A. § 80, provided for its withdrawal free of tax when it was so denatured as to be unfit for use as an intoxicating beverage. Section 13 of the Act, 27 U.S.C.A. § 83, empowered the Commissioner of Internal Revenue to issue regulations, with approval of the Secretary of the Treasury, from time to time respecting the establishment, bonding and operation of industrial alcohol denaturing plants and bonded warehouses, and the distribution, sale, export and use of alcohol which were necessary, advisable or proper to secure the revenue, prevent diversion to illegal uses and to place the nonbeverage alcohol industry and other industries using such alcohol as a chemical, raw material or for other lawful purposes upon a high plane of scientific and commercial efficiency consistent with the interests of the government and to make available an ample supply of alcohol for the promotion of its use in scientific research.

Under the Revenue Act of 1926, ch. 27, 44 Stat. 9, § 900, 26 U.S.C.A. Int.Rev.Acts, page 302, the distiller or importer was required, until January 1, 1927, to pay a tax of $2.20 on each proof gallon, or wine gallon, when below proof, distilled or imported by him, when the liquor was withdrawn from bond and from January 1, 1927, until January 1, 1928, he was required to pay $1.65 per gallon and thereafter $1.10 per gallon. The Act also provided that on and after its effective date, there should be levied on all distilled spirits diverted to beverage purposes or for use in the manufacture or production of any article used or intended for use as a beverage, a tax of $6.40 on each proof gallon, or wine gallon when below proof, and a proportionate tax at a like rate on all fractional parts of such proof or wine gallon, said tax to be paid by the person responsible for the diversion. Where a basic tax of $2.20, $1.65 or $1.10 per proof or wine gallon had been paid, a credit for the amount paid was allowed in computing the tax.

Under the Denatured Alcohol Act of 1906, ch. 3047, 34 Stat. 217, 26 U.S.C.A. Int. Rev.Code, § 3070, denatured alcohol could be withdrawn from bonded warehouses tax free under regulations of the Secretary of the Treasury for its withdrawal and use. Pursuant to the statute, the Secretary promulgated Regulations 30 and under Article 78 thereof, all manufacturers wishing to withdraw tax free denatured alcohol were required to obtain a permit and give bond in a sum at least equal to the tax which would have accrued to the United States if the alcohol had been tax paid from the bonded warehouse. The official form

numbers of the permit and bond were 582 and 582a. The obligors under the form became liable if the alcohol was used for beverage purposes, to the amount of the tax which would have been due if the alcohol had first been withdrawn for beverage purposes. The form of the bonds here in question with the official number changed to 1480 are substantially as those provided under earlier regulations 30,.except all reference to tax is omitted and a fixed sum per each wine gallon is inserted.

█ The parties agree that the present bonds are for indemnity and not penalty and that recovery cannot be had upon them without proof of damages. United States v. Zerbey, 271 U.S. 332, 341, 46 S.Ct. 532, 70 L.Ed. 973.

Clearly appellees are liable under the bonds, the condition having been breached, and the controlling question is whether the District Court erred in holding that the face amounts of the bonds constituted a penalty within the decision of this court in United States v. Glidden Company, 6 Cir., 78 F.2d 639, so that recovery under the bonds must be denied.

Appellees insist that the permittee was liable for a penalty at the rate of $6.40 per proof gallon or more than $12 per wine gallon, under the statute, supra, upon the diversion of the alcohol, but that this sum cannot be used as a measure of damages under the bond. Lipke v. Lederer, 259 U.S. 557, 562, 42 S.Ct. 549, 66 L.Ed. 1061. Appellant insists that the respective sums per wine gallon stated in the bonds are substantially equal to the taxes per proof gallon stated in the Revenue Act, supra, and that they are the criteria by which the damages recoverable are to be measured. Appellees respond that the basic tax is collectible only from the distiller or importer and from this premise argue it is no better measure of damages than the $6.40 per proof gallon because both are penalties.

█ Excluding the $6.40 tax enumerated in Section 900 of the Revenue Act, supra, the other taxes are true taxes and in no sense penalties. United States v. One Coupe Automobile, 272 U.S. 321, 328, 47 S. Ct. 154, 71 L.Ed. 279, 47 A.L.R. 1025. Under the Revenue Act of 1921, Section 600, 42 Stat. ch. 136, p. 285, a base tax of $2.20 per proof gallon was levied against the distiller and where diverted for beverage purposes, an additional tax of $4.20 on each proof gallon was required to be paid by the person responsible for such diver-

sion. While the statute makes the distiller or importer solely liable for base taxes, it is inconceivable that the Congress intended to levy the tax on the distiller or importer of alcohol and relieve the diverter of it after he obtained the alcohol tax free from the distiller.

█ It has been the fixed policy of the Congress from the passage of the Denatured Alcohol Act of June 7, 1906, to the present time, to require the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, to promulgate regulations requiring bonds thereunder to secure the revenue. It must therefore be assumed that the Congress intended to substitute the bond of the permittee for the base tax in case of diversion to beverage purposes.

█ "Tax" in some connections is a word of comprehensive meaning and may include excises as well as a pecuniary burden laid directly on property or income and excise taxes may be measured by the penalties of a statutory bond. The bonds provided under the present act are to secure payments in the nature of excises paid for the privilege of withdrawing alcohol tax free for industrial purposes. Head Money Cases, 112 U.S. 580, 596, 5 S.Ct. 247, 28 L. Ed. 798. Under the Eighteenth Amendment, Congress had the power to prevent or regulate the sale of denatured alcohol which was not usable as a beverage, and to this end could provide for its taxation or for the execution of bonds as a prerequisite to its use in manufacture. Selzman v. United States, 268 U.S. 466, 469, 45 S.Ct. 574, 69 L.Ed. 1054. In the levying and collection of taxes Congress had the power within defined limits in order to secure the exact effect intended by its Acts of legislation, to use the officers of the Executive Branch of the government by vesting in such officers' discretion to make public regulations interpreting the statute and directing details of execution even to the extent of providing for the payment of excise taxes by the execution of performance bonds for the breach of such regulations. Hampton, Jr., & Company v. United States, 276 U.S. 394, 409, 48 S.Ct. 348, 72 L.Ed. 624.

█ Taking together the provisions of the statute levying the basic tax against the distiller and requiring bond from the permittee to protect the revenue, it is evident that when denatured alcohol is withdrawn tax free and subsequently diverted by the

permittee for beverage purposes, his bond is to be treated as securing tax exaction and has none of the characteristics of a penalty. The provision for the bond is to be considered as remedial and providing indemnity for loss. The act of withdrawing denatured alcohol tax free and afterwards removing the denaturing constituents so as to make the alcohol potable, interposed difficulties in the way of government seizure and impaired the value of the government's right to collect taxes. The bond is provided primarily as a safeguard for the protection of the revenue and to reimburse the government for the expense of investigation and the loss of revenue resulting from the permittee's fraud. Stockwell v. United States, 13 Wall. 531, 80 U.S. 531, 547, 20 L.Ed. 491; Helvering v. Mitchell, 303 U.S. 391, 406, 58 S.Ct. 630, 82 L. Ed. 917.

The condition that the permittee should pay $4.50 per wine gallon in the earlier bonds of $100,000 and $70,000 respectively, and $2 per wine gallon in the later bond of $50,000 for all denatured alcohol unlawfully diverted, was a measure intended for the protection of the revenue and to prevent diversion of alcohol to unlawful uses, which we do not think too drastic. The rates per wine gallon were slightly in excess of the non-beverage tax rate on distilled spirits but below the beverage tax rate.

When the alcohol was diverted to beverage purposes rather than used for industrial purposes for which ostensibly withdrawn, the government properly looked to the bond given by permittee on the tax free withdrawal of the alcohol, in order to recapture the revenues thereby lost. In our opinion, the face amounts of the present bonds correspond approximately to the actual cash damages sustained by the United States in lost taxes owing to the fraud of appellees and are to be regarded as liquidated damages. United States v. Bonrn et al., 2 Cir., 104 F.2d 641; Rothensies v. Lichtenstein, 3 Cir., 91 F.2d 544.

Appellees' defenses 2, 3, 5 and 6 are closely related and will be considered together. In July, 1931, appellee Glidden Company, jointly with others, was indicted in the District Court of Maryland for a conspiracy to violate the Prohibition Act and the Denatured Alcohol Act of 1906. The offenses charged in the indictment consisted of a series of acts identical with those alleged in the petitions herein and covered the same period of time. By leave of court, appellee plead nolo contendere, which by order was treated the same as a plea of guilty for the purposes of the case, whereupon judgment was pronounced and appellee fined the sum of $10,000, which it paid. Subsequently the United States instituted in the District Court, from which this appeal is prosecuted, a suit against appellee Glidden Company (8 F.Supp. 177), seeking to recover from appellee more than $2,000,000 as taxes and interest under subdivision 4 of Section 900 of the Revenue Act of 1926. The basis of the suit was the diversion by the appellee of denatured alcohol to beverage purposes in violation of the terms of the permits which are the identical ones involved in these actions and the facts there alleged were substantially the same as here alleged except the United States sought to recover at the rate of $6.40 per proof gallon.

Appellee defended that action on several grounds, among which were, (1) that the sums sought to be collected were in the nature of a penalty and not a tax and the action was therefore barred by the five-year statute of limitation, 28 U.S.C.A. § 791; (2) that the prior indictment, conviction and punishment in the District of Maryland, both under the double jeopardy clause of the Fifth Amendment and that of the Willis-Campbell Act, 42 Stat. 222, 27 U.S.C.A. § 3, was a bar to the action. Its defenses on these grounds were sustained by this court and the action dismissed [6 Cir., 78 F.2d 639].

The court found it unnecessary to consider the other grounds. In the former action, appellee in its answer alleged that it was without knowledge that the alcohol withdrawn under its permits was to be cleaned and used for beverage purposes and that it had in good faith purchased the denatured alcohol to be used in the manufacture of lacquer thinner and had so used it and had sold it to others solely to be used as lacquer thinner, and that it had received no profit or benefit from the alleged diversion of the alcohol to beverage purposes and if so diverted, it was done by others in no way connected with appellee and for whose acts it was in no way responsible. The United States demurred to this answer which was overruled and it declined to plead further and its petition was dismissed.

Appellees allege that prior to the entry of the order in the criminal action, permit-

ting it to plead nolo contendere, the United States, through its attorneys, filed in said proceedings its written approval of said plea and requested that the court permit its entry and that the United States by its duly authorized and appropriate officers indicated that it would be satisfied with the punishment there imposed for all of said alleged acts, after which appellees entered said plea and paid the fine and became fully discharged from all penal liability by reason of said alleged acts. By reason of the aforesaid alleged facts appellees insist that the United States is estopped to maintain this action.

The foregoing defenses require the application of three principles of law, (1) res judicata, (2) former jeopardy, and (3) estoppel.

■■ The rule prevails that where the former adjudication is relied on as an absolute bar to a subsequent action, it must be shown that the cause of action, the thing to be recovered and the parties are the same in both proceedings. However, the above rule is modified to the extent that where, although the cause of action is not the same and some fact or question has been determined and adjudicated in a former suit and the same fact or question is again put in issue in a subsequent suit between the same parties, the determination in the former suit of the fact or question, if properly presented and relied on, will be held conclusive on the parties in the latter suit, regardless of the identity of the cause of action or the lack of it in the two suits. When the second suit between the same parties is upon a different cause of action, claim or demand, it is well settled that the judgment in the first suit operates as an estoppel in the second one only as to the point or question actually litigated and determined and not as to other matters which might have been litigated and determined. Cromwell v. County of Sac, 94 U.S. 351, 354, 24 L.Ed. 195.

■■ It is well settled that the judgment rendered upon sustaining a demurrer is equally conclusive by way of estoppel of the facts confessed by the demurrer as a verdict finding the same facts would have been and accordingly that where a demurrer goes to the merits, a judgment sustaining it is a bar to a subsequent suit on the same cause of action. Yates v. Utica Bank, 206 U.S. 181, 184, 27 S.Ct. 646, 51 L.Ed. 1015. It is equally well settled that the plea of res judicata, when based on the

disposition of the former case by demurrer, extends only to the exact points raised by the pleadings and decided by the court, and does not operate as a bar to a second suit for other breaches of the identical covenant. Wiggins Ferry Company v. Ohio & M. Railway Company, 142 U.S. 396, 410, 12 S.Ct. 188, 35 L.Ed. 1055.

■ The former action (United States v. Glidden Company, supra) was disposed of by demurrer not on the merits but on two points, i.e., the statute of limitations and former jeopardy. The present action is unlike the former in that it is not a suit to recover a penalty, to impose a punishment or to declare a forfeiture. The only relief sought here is a money judgment to make whole a loss sustained by the United States. The former proceeding, although civil in form, was penal in its nature because it sought to recover a penalty. In the present case, the action against appellees is purely civil and depends entirely upon the breach of a civil contract. The parties are not the same. It is true that if the United States had succeeded in recovering all it sought in the former action, the liability of appellees in this action would have been discharged. United States v. Ulrici, 111 U.S. 38, 42, 4 S.Ct. 288, 28 L.Ed. 344, but this result flows from the efficacy of another provision of the statute imposing the base tax and additional penalty on the diverter, measured by the gallons. The former action included more than is sought in this action, and this court there said, "Since the defendants were neither distillers nor importers, and have paid no basic tax, the exaction here sought to be recovered is either wholly a penalty or wholly a tax, and is not partly penalty and partly tax." 78 F.2d page 641. The two suits, although seeking in part the same relief, rest upon different grounds and the adjudication in one therefore constitutes no bar to recovery in the other. County of Mobile v. Kimball, 102 U.S. 691, 705, 26 L.Ed. 238. Appellees' defense on the ground of res judicata is denied. The Haytian Republic, 154 U.S. 118, 129, 14 S.Ct. 992, 38 L.Ed. 930.

■ Turning to the question that the present suit is barred by the appellee Glidden Company's earlier punishment on its plea of nolo contendere in the District Court of Maryland, the rule prevails that a former adjudication in a criminal action is not generally a bar to a subsequent civil action, because of the different object of

the proceedings and their dissimilarity in parties, rules of decision and procedure, but when the subsequent action, although civil in form, is quasi criminal in its nature as in actions to recover penalties or declare forfeitures, it is regarded as a second prosecution for the same offense and barred by a prior conviction or acquittal. The latter rule is not applicable where the object of the civil action is compensation and not punishment. Helvering v. Mitchell, supra. A paid surety of a permittee under the National Prohibition Act and the Industrial Alcohol Act enters into his contract of suretyship with a view to the statutes which may affect his liability the provisions of which he is presumed to know and which become as much a part of his contract as if they were embodied in the bond. Smythe v. United States, 188 U.S. 156, 177, 23 S.Ct. 279, 47 L.Ed. 425.

As we view so much of the statute and regulations as apply to this case, they were enacted and promulgated to facilitate the collection of revenue from distilled spirits. An intent that untaxpaid denatured spirits could be removed freely from bonded warehouses and the alcohol extracted and sold free of tax while untaxpaid alcohol without denaturents should not be so removed, finds no support or reason in either statute or regulations. The acts alleged to have been committed by the appellee-permittee are clearly within the language of the statutes and regulations and no reason suggests itself why they should not apply to the present bonds. Revenue laws are not penal laws in the sense that requires them to be construed with great strictness in favor of appellees. They are rather to be regarded as remedial in character and intended to prevent fraud, suppress public wrong and promote lawful conduct. They should be so construed as to carry out the intention of the Congress in passing them and to most effectually accomplish their purpose.

The present bonds are obligations to pay a debt to the United States and not imposed primarily for punishment for a crime or an offense against the laws of the United States. It does not follow that because appellee Glidden Company was required to pay a fine in the criminal action and here required to make reparation in damages for the loss to the United States by reason of the diversion of alcohol that it is being twice punished for the same offense. Moore v. People of State of Illinois, 14 How. 13, 55 U.S. 13, 19, 14 L.Ed. 306.

The case of United States v. Choteau, 102 U.S. 603, 26 L.Ed. 246, relied on by appellees to support their position as a bar to recovery in the present action is inapplicable. In that case, a distiller's bond had been given under a statute which provided that for his failure to comply with the statutory requirements, he should be liable to a penalty of double the tax imposed on distilled spirits removed and concealed and a fine of not less than $200 nor more than $5,000 and imprisoned not less than three months nor more than three years. An action was brought on the bond against the sureties and in defense they plead that prior thereto an indictment had been returned against the distiller and pursuant to the statute of compromises the distiller had paid $10,000 in full satisfaction, compromise and settlement of the indictment and prosecution, which thereupon was dismissed and abandoned. The court held the sum so paid was a settlement and res judicata of the whole matter. Unlike the case at bar, in the cited case, the recovery sought was not as for a debt due the United States, but as a part of the penalty denounced against the offender for a violation of law and under a statute defining the offense and fixing the penalty. In our opinion the proceedings in the criminal action are in no way a bar to the present action. Stone v. United States, 167 U.S. 178, 189, 17 S.Ct. 778, 42 L.Ed. 127.

The repeal of the Eighteenth Amendment on December 5, 1933, did not terminate appellees' liability on the present bonds. These instruments were contracts to be enforced according to their terms. The liability of the parties became complete upon the breach of the express condition that the alcohol would not be diverted to beverage purposes and the liabilities thus perfected were not diminished or extinguished by the adoption of the Twenty-First Amendment. United States v. Mack, 295 U.S. 480, 485, 55 S.Ct. 813, 79 L.Ed. 1559.

Appellee's contention that the payment of the fine of $10,000 in the criminal action was in the nature of a compromise of its alleged liability in this action must be denied. Such a settlement would be invalid without the consent of the Secretary of the Treasury and the Attorney General

under the provisions of the Revised Statutes, Section 3229 and the Internal Revenue Code, § 3761, 26 U.S.C.A. Int.Rev.Code, § 3761. Botany Mills v. United States, 278 U.S. 282, 285, 49 S.Ct. 129, 73 L.Ed. 379. An agent of the United States has no power to agree upon a compromise of a claim of the United States in suit except under circumstances not presented in this case. United States v. Beebe, 180 U.S. 343, 351, 21 S.Ct. 371, 45 L.Ed. 563.

"The United States is neither bound nor estopped by acts of its officers or agents in entering into an arrangement or agreement to do or cause to be done what the law does not sanction or permit." United States v. San Francisco, 310 U.S. 16, 32, 60 S.Ct. 749, 757, 84 L.Ed. 1050.

Title 28 U.S.C.A. § 791, R.S. § 1047, has no application to a suit on bond to recover the penalty therein fixed for a breach thereof. The section applies to a penalty or forfeiture "imposed in a punitive way for an infraction of a public law." Meeker v. Lehigh Valley Railroad, 236 U.S. 412, 423, 35 S.Ct. 328, 332, 59 L.Ed. 644, Ann.Cas.1916B, 691; United States v. John Barth Company, 279 U.S. 370, 376, 49 S.Ct. 366, 73 L.Ed. 743.

This is an action brought upon the bond of a surety and not to recover a statutory penalty or forfeiture. It seems clear the statute relied upon by appellees has no application. Gulf State Steel Company v. United States, 287 U.S. 32, 45, 53 S.Ct. 69, 77 L.Ed. 150; United States v. Frost, 5 Cir., 80 F.2d 341.

Appellees' last defense that most of the alcohol specified in the third count and in the first count was withdrawn under permits not covered by the bonds, and that the risk under such permits was far greater and the obligation more burdensome than under the permits referred to in the bonds so that neither the principal nor surety became liable or could have become liable under the bonds in question, presents a question of fact and in the government's reply to this defense the facts are denied. This question does not lend itself to a decision on the pleadings and we leave it open.

In our opinion appellant's petition states a good and valid cause of action and the court committed error in dismissing its second amended petition. Judgment reversed and cause remanded for further proceedings consistent with this opinion.