## UNITED STATES v. CENTRAL SUPPLY ASS'N et al.
### Criminal No. 16750.

District Court, N. D. Ohio, E. D.
Oct. 1, 1947.

Edward P. Hodges, Sp. Asst. to Atty. Gen., and Don C. Miller, U. S. Atty., of Cleveland, Ohio, for plaintiff.

Norman E. Gutfeld, of Benesch, Friedlander & Morris, all of Cleveland, Ohio, for defendant John A. Ogren.

WILKIN, District Judge.

This case came on for hearing on the motion of John A. Ogren upon a stipulation of facts, oral arguments, and briefs, for an order setting aside the judgment entered against the defendant Ogren on November 4, 1946, and permitting the defendant to withdraw his plea of nole contendere and enter a plea of not guilty and that the fine and costs paid be returned.

The motion raises a serious question. It presents serious difficulties. If the judgment against Ogren stands, it is inconsistent with the judgment entered against the other defendants after hearing the evidence presented by the plaintiff. It is especially at variance with the court's judgment regarding the Manufacturers Clearing House, for whom the defendant Ogren acted as officer and agent. A regard for consistency prompts a sustaining of the motion.

On the other hand, however, established practice and procedure dictate an overruling of the motion. The defendant Ogren, after conference between his counsel and counsel for the government, by leave of court pleaded nolo contendere, which plea was treated "the same as pleas of guilty for purposes of said case" and thereupon paid a fine in an amount recommended and approved by counsel for the Government. The defendant could have stood trial or could have stood mute, as other defendants did. He chose, however, not to contend but to pay a fine in an amount less than the maximum. For many considerations courts have considered judgments in such cases as final. Such pleas in such circumstances have been considered in the nature of compromises. It affords an instance of what some legal philosophers have referred to as the "sporting chance" in our system of jurisprudence. A defendant having taken the chance, courts have been reluctant to permit a withdrawal of the plea if it seems that the defendant knew and understood what was being done and there was no force, fear or fraud. It is not claimed by the defendant Ogren that there was any fraud or coercion.

The principal cases relied on by the defendant Ogren can be distinguished from this case. In the Rothstein case, United States v. Rothstein, 7 Cir., 187 F. 268, all the proceedings were void because the statute was unconstitutional. In the case of United Brotherhood of Carpenters & Joiners of America v. United States, 330 U.S. 395, 67 S.Ct. 775, judgment on the plea of nolo contendere was reserved until after trial. Here the plea was entered with the understanding that judgment would also be entered and fine paid. This court is constrained by the judgment of the Circuit Court of Appeals of this Circuit in the cases of United States v. Glidden Co., 78 F.2d 639, and Hocking Valley Ry. Co. v. United States, 6 Cir., 210 F. 735, 738, to treat the plea in this case as a compromise, and as such, a final settlement. As stated in the Glidden case just cited, to hold otherwise would be "to render settlements with the government delusive and useless" [78 F.2d 643].

Motion overruled.