**Brown-Graves Lumber Co.**
**v.**
**Home Federal Savings & Loan**
[Cite as 6 AOA 222]

Case No. 57305
Cuyahoga County, (8th)
Decided August 9, 1990

Michael G. Ibold, 401 South Street, Chardon, Ohio 44024, for Plaintiff-Appellant.

Dennis G. Fedor, 600 Terminal Tower, Cleveland, Ohio 44113, for Defendant-Appellee.

PRYATEL, J.

Plaintiff-appellant, Brown-Graves Lumber Company, furnished lumber and building supplies on account to Chestnut Homes, Inc., a general contractor, for the construction of a single family residence owned by James and Judy Dewald. The defendant-appellee, Home Federal Savings and Loan Bank entered into a contract with the owners, James and Judy DeWald, to provide financing for the construction of their home.

Plaintiff lumberyard, in a complaint filed July 21, 1986, asserted that the defendant bank breached a statutory duty to protect its materialman's claim when the bank disbursed construction loan proceeds. The trial court in May, 1987, granted plaintiff's motion for summary judgment. On appeal, this court reversed the trial court's summary judgment and remanded the matter to the trial court to proceed in a manner consistent with its holding. *Brown-Graves Lumber Company v. Home Federal Savings Bank* (June 9, 1988), Cuy. App. No. 54000, unreported.[1]

On October 18, 1988, defendant, in the trial court, filed a motion for summary judgment. On February 9, 1989, the trial court relying on the holding in this court's earlier opinion in *Brown, supra,* granted defendant's motion.

The present appeal stems from the trial court's grant of defendant's motion for summary judgment. Plaintiff assigns two errors for review which we will deal with simultaneously as they are interrelated.

## I.
THE OCTOBER 10, 1984 LETTER OF PLAINTIFF-APPELLANT WAS SUFFICIENT TO CONSTITUTE A 'WRITTEN NOTICE OF

A CLAIM OF A RIGHT TO A MECHANIC'S LIEN' PURSUANT TO OHIO REVISED CODE 1311.011(B) (5) AND THE FINDING OF THE TRIAL COURT THAT SAID NOTICE IS NOT SUFFICIENT IS ERRONEOUS AND CONTRARY TO LAW.

THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S SUPPLE-MENTAL MOTION FOR SUMMARY JUDG-MENT FOR THE REASON THAT THERE EXISTED GENUINE ISSUES AS TO MATE-RIAL FACTS AND THE DEFENDANT-APPELLEE WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.

Plaintiff argues that it timely informed the bank by way of a letter dated October 10, 1984 that it would have an outstanding claim for materials it might supply in the future, and therefore the bank had a duty pursuant to R.C. 1311.011 (B)(4) and (5) to examine the original contractor's affidavit so as to make certain that the materialman's claim was accounted for therein, And if not, to obtain a release from the materialman before making any further dis-bursements. Its failure to do so, plaintiff argues, constituted prima facie evidence of gross negli-gence.

R.C. 1311.011(B) (4) states:

"(B) Notwithstanding sections 1311.02 to 1311.24 of the Revised Code, *all liens* except mortgage liens that secure payment for work done, or for labor, materials, machinery, or fuel furnished in connection with a home construction contract or in connection with a dwelling or residential unit of condominium property, that is the subject of a home purchase contract are subject to the following conditions:

"(4) No lending institution shall make any payment to any original contractor until the original contractor has given the lending institu-tion his affidavit stating:

"(a) That the original contractor as paid in full for all work performed and for all labor, materials, machinery, or fuel furnished by the original contractor and all subcontractors, mate-rialmen and laborers prior to the date of the closing of the purchase or during and prior to the payment period, except such unpaid claims as the original contractor shall specifically set forth and identify both by claimant and by amount claimed.

"(b) That no claims exist other than those claims so set forth and identified in the affidavit required by division (B)(4) of this section. (Em-phasis added.)"

The present action was brought pursuant to R.C. 1311.011(B) (5) which provides:

"(5) When making any payment under the home construction contract or on behalf of the owner or part owner under a home purchase contract, the lending institution may accept the affidavit of the original contractor required by division (B)(4) of this section and act in reliance upon it, unless it appears to be fraudulent on its face. The lending institution shall not be finan-cially liable to the owner, part owner, purchaser, lessee, or any other person for any payments, except for gross negligence or fraud committed by the lending institution in making any payment to the original contractor.

"*After receipt of a written notice of a claim of a right to a mechanic's lien by a lending institu-tion, failure of the lending institution to obtain a lien release from the subcontractor, materialman, or laborer who serves notice of such claim is prima-facie evidence of gross negligence.*" (Empha-sis added.)

The very issue before us has previously been decided by this court in *Brown* and hence the matter before us is *res judicata.* In *Brown,* this court held, that "the code imposed no duty on the bank to protect the lumberyard' s interest."

R.C. 1311.011(B) (5) imposes a duty on the bank only "after receipt of written notice of a claim of a right to a mechanic's lien by a lending institution." *Only upon sufficient notice* is a bank's failure to receive a release from a subcon-tractor prima-facie evidence of gross negligence. R.C. 1311.011(B) (5). By holding the bank had no duty under the code, this court held that the subcontractor did not provide notice sufficient in law. In short, we stated that the lumberyard's letter of October 10, 1984, the letter presently at issue, "did not assert a cognizable lien by stating that it would provide materials in the future."

Plaintiff's assigned errors have previously been decided by this court and hence plaintiff is collaterally estopped from asserting the issue. Collateral estoppel and *res judicata* are judicially established doctrines which bar litigating issues that have been litigated once already "where some fact or question has been determined in a former suit and the same fact or question is again put in issue in a subsequent suit between the parties, the determination in the former suit is conclusive regardless of identity of cause of action or lack of it in the two suits."*U.S. v. Glidden Co.,* 119 F. 2d 235, 237, (6th Cir. 1941).

"The principle of *'res judicata'* requires that decision by court of competent jurisdiction respecting any essential fact or question in one action be regarded as conclusive between parties or their privies in all subsequent actions." *Fifth-Third Union Trust Co. v. Cist,* 105 F. 2d 282, 282 (6th Cir. 1939).

*Judgment affirmed.*

J.F. CORRIGAN, and FORD. J., concur.

---

[1] On June 30, 1988 plaintiff-appellant filed its notice of appeal from the decision of the Court of Appeals to the Ohio Supreme Court. The Supreme Court declined to accept jurisdiction on September 21, 1988.

Sitting By Assignment, Judge August Pryatel, Retired, of the Eighth District Court of Appeals and Judge Robert B. Ford, Retired, of the Geauga County Common Pleas Court.